ERNEST SEAVER, Respondent, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, Appellant, and ERNEST DU PONT, Respondent.

Fourth Department, March 4, 1959.

*Frank J. Ryan* (*Carl J. Cochi* of counsel), for appellant.

*James P. O'Donnell & Sons* (*Philip D. O'Donnell* of counsel), for Ernest Seaver, respondent.

*Albert L. Lawrence* for Ernest Du Pont, respondent.

BASTOW, J.  The defendant appeals from a judgment granting reformation of an automobile liability insurance policy and awarding monetary relief.  In the early hours of April 30, 1955 plaintiff was injured while riding as a passenger in an automobile owned and operated by Du Pont, the nonappealing defendant.  Plaintiff sued Du Pont and following a trial was awarded $3,000 for his personal injuries.

Du Pont had been issued a liability policy by defendant, which by a provision therein expired at 12:01 A.M. on April 30, 1955, some two or three hours before the accident.  Plaintiff, claiming to be a statutory beneficiary under the policy, brought this action to recover the amount of the unpaid judgment held by him against Du Pont.  It appearing on the face of the policy that it had expired a few hours prior to the accident, plaintiff sought reformation thereof to the extent of making the period of coverage run from the date of issue of the policy (May 5, 1954) to May 5, 1955 instead of April 30, 1954 to April 30, 1955 as stated in the policy to be the period of coverage.

In view of the decision of the trial court it should be pointed out that the complaint alleges four grounds upon which the plaintiff sought a reformation of the period of coverage.  These were that such dates of coverage were inserted (1) in violation of the terms of the agreement made between the insured, Du Pont, and the appellant and (2) in violation of the directions given by Du Pont to appellant's agent and (3) by mutual mistake on the part of Du Pont and appellant or (4) if not by mistake on the part of appellant then the latter with intent to defraud plaintiff and Du Pont caused the dates to be inserted in the policy.  The trial court made no findings or conclusions upon any of these asserted grounds upon which plaintiff relied.  Instead the action was tried and decided as one for a construc-

tion of the policy provision as to the period of coverage. Reformation of the policy was granted as incidental relief based upon a finding that a binder was not mailed by the appellant to either Du Pont or his agent, one Mahon. Moreover, there is not found in the record any evidence upon which findings could be made to justify reformation upon any of the grounds alleged in the complaint. Inasmuch, however, as reformation has been granted, that determination will be reviewed.

The policy in question was issued under the Assigned Risk Plan. (See Insurance Law, § 63.) One Mahon, a licensed insurance agent, was the producer of record designated by Du Pont. On April 20, 1954 the two acting jointly prepared and executed an application for insurance under the plan. It was mailed by Mahon on the same day together with the required deposit. It appears from the documentary evidence that the application was received by Automobile Assigned Risk Plans in New York on April 21, 1954. Six days later on April 27 the risk was assigned to appellant, which received it on the following day — April 28.

For a better understanding of subsequent happenings it will be helpful to refer briefly to certain provisions of the plan. Section 14 thereof provides, among other things, that "Upon receipt of the notice of designation and the deposit from the Manager (of the Plan), the designated carrier shall, within two working days: (a) Issue a policy or a binder, if all information necessary for the carrier to fix the proper rate is contained in the application form, such policy or binder to become effective 12:01 A.M. on the day following the second working day * * *. The day on which the notice of designation and deposit are received from the Manager shall be deemed the first working day, whatever may be the time of such receipt. * * * The producer of record shall be notified as to the disposition of the assignment in accordance with the foregoing Paragraphs (a)-(c)."

Upon the trial one Groh, a casualty underwriter employed by appellant in its Manhattan office, testified that he personally received the application on April 28, 1954. He placed thereon, as appears on the exhibit, a stamp showing receipt thereof on that day at 10:25 A.M. On the same day he prepared a binder in duplicate. The original was mailed to Mahon, the producer of record, on the same day. The duplicate from the files of appellant was received as an exhibit on the trial. The document shows the name of the insured, Du Pont, a description of the automobile insured and other pertinent information including on line 9 that coverage was effective "from 4/30/54 at

12:01 A.M.''. There also appears thereon a pencil notation "mailed 4/28/54." Groh testified that this was in his handwriting and was placed there when the binder was prepared and the original mailed to the producer of record. On the reverse side of the binder the insuring agreement is printed and in substance provides, among other things, that the company acknowledges itself bound by the terms of the policy of insurance in current use from the date specified in the binder and the insured accepts the binder under such terms and conditions. There is no dispute that early in May, 1954, the producer of record received a policy showing coverage dates from April 30, 1954 to April 30, 1955 and it was delivered to Du Pont, the insured. The hour of commencement and ending of coverage on both dates was 12:01 A.M.

Reformation of the policy was granted upon a finding of fact that the company failed to mail a binder to either the producer of record or the insured. The only evidence presented by plaintiff to support this finding was the testimony of Mahon, the producer of record. In substance, he testified that he had no recollection one way or the other. His records had long before been destroyed. A fair sample of his testimony is as follows: "No, I have no knowledge of a binder in this particular instance. It would be impossible for me to remember back that far really." When questioned about receiving any document between April 27 and May 4, 1954 he said "I really can't remember receiving anything in between there. I don't know why I would." This was the substance of his direct testimony. Upon cross-examination he was similarly vague. His entire testimony shows that he had no independent recollection as to whether or not a binder had been received.

On the other hand, the testimony of appellant's employee, which is supported by documentary evidence prepared at the time of the transaction, constituted clear proof that the binder was mailed. The contrary finding by the trial court was against the weight of the credible evidence. *Ruina v. Commercial Travelers Mut. Acc. Assn.* (272 App. Div. 1028, affd. 297 N. Y. 824) is distinguishable. An examination of the record on appeal in that case reveals practically the converse factually of the instant case. The insurer's proof of the mailing of a notice of assessment showed that it was part of a mass operation with one clerk having charge of inserting 8,000 notices in envelopes and leaving them for another clerk to mail. All envelopes were trucked to a mailing room where they were later picked up by postal employees. On the other hand, plaintiff testified that she received and opened all mail that came to her home and was

certain that no notice of assessment was received. In the present case the insurer gave positive proof that the binder was mailed. The testimony of plaintiff's witness as to nonreceipt of the binder was insufficient upon which to base a finding to that effect in the face of the testimony of defendant's employee's positive and substantiated proof to the contrary. (Cf. 1 Wigmore, Evidence, § 95; vol. 9, § 2534.)

The reversal of this finding, in substance, destroys the foundation upon which reformation was granted. But if this finding should be sustained we find no evidence upon which reformation of the policy could be granted. A finding was made that the policy was mailed to Mahon on May 5, 1954. Shortly thereafter Mahon delivered the policy to the insured. Neither raised any question then or later as to the correctness of the dates of coverage as stated in the policy. Some nine months later the company mailed to the insured and the producer of record a letter giving the expiration date of the policy as April 30, 1955 and requesting information about the renewal thereof. The insured took no action and permitted the policy to lapse. The fact that the date of issue of the policy was stated thereon to be May 5, 1954 is immaterial. The policy period was plainly set forth as " 4/30/54 — 12:01 A.M. to 4/30/55 — 12:01 A.M.".

The allegations of the complaint have been heretofore considered. This record is barren of any evidence that the dates of coverage were inserted in the policy in violation of the terms of any agreement between insurer or insured or in violation of any directions given by Du Pont. The latter was called as a witness and testified that he never received a binder but gave no further pertinent testimony. There is no evidence of any mutual mistake or of mistake on the part of the insured and fraud on the part of appellant.

In sum, Du Pont applied for insurance under the Assigned Risk Plan. The company upon receiving the assignment and acting in strict compliance with the requirements of the plan issued and mailed a binder effecting coverage on the day following the second working day from the receipt of such assignment. Some six days later the policy was mailed to the producer of record, who delivered it to the insured. This document gave the same coverage dates. There is no evidence that from the day of the receipt of the policy to and including the time of the trial either Mahon or Du Pont had questioned the coverage dates or made any claim of mistake or fraud. Neither are there any facts from which such an inference might be drawn. Plaintiff, as a statutory beneficiary under the policy, did not prove the cause of action alleged in the complaint or any other cause

justifying equitable relief. (Cf. *Rodie* v. *National Sur. Corp.*, 143 Conn. 66.)

The judgment and order appealed from should be reversed, without costs, and the complaint dismissed.

All concur. Present McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

Judgment and order reversed on the law and facts, without costs of this appeal to any party, and complaint dismissed, without costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.