■ NEW YORK CITY HOUSING AUTHORITY, Appellant, v UNITED STATES UNDERWRITERS INSURANCE COMPANY, Respondent, et al., Defendant. [776 NYS2d 468]—

Order, Supreme Court, Bronx County (Nelson Roman, J.), entered on or about June 18, 2003, which, inter alia, granted the motion of defendant United States Underwriters Insurance Company to dismiss the complaint insofar as to declare that it was not obligated under policy 3042677 to defend or indemnify plaintiff in the underlying personal injury lawsuit, unanimously affirmed, without costs.

Even though the cover page of policy 3042677 describes the covered location as "Various," plaintiff's renewal application makes it clear that the policy was limited to contract GD 9500062 for indoor vanities at 1605 E. 174th Street. This conclusion is reinforced by endorsements 2 and 3 to the same policy. Although dated May 17, 2001, these endorsements were expressly effective beginning October 20, 2000 (i.e., prior to the accident) (*see Seaver v Massachusetts Bonding & Ins. Co.*, 7 AD2d 310, 314 [1959], *affd* 7 NY2d 950 [1960]) and limit the policy to the aforementioned contract and location. Accordingly, inasmuch as it is undisputed that the accident for which recovery is sought in the underlying action—alleged to have occurred in connection with outdoor fencework on 149th Street—neither took place at 1605 E. 174th Street nor arose out of contract GD 9500062 for indoor vanities, the declaration in defendant insurer's favor was proper. The propriety of the declaration is not cast in doubt by the reference to policy 3042679 in endorsement 3 to policy 3042677, since policy 3042679 is expressly limited to interior carpentry and residential plumbing (*see Ruiz v State Wide Insulation & Constr. Corp.*, 269 AD2d 518, 519 [2000]).

We have reviewed plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Sullivan, Friedman and Gonzalez, JJ.