■ NORTHFIELD INSURANCE COMPANY, Appellant, v MIDTOWN RESTORATIONS LLC, Defendant, and FORTUNA PHEASANT CLOSE LLC, Respondent. [50 NYS3d 369]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 16, 2016, which, insofar as appealed from, denied plaintiff's motion for summary judgment as against defendant Fortuna Pheasant Close LLC (Fortuna), unanimously reversed, on the law, with costs, the motion granted, and it is declared that plaintiff has no duty to defend or indemnify any entity in the underlying property damage action. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered on or about September 26, 2016, which, insofar as appealed from, denied plaintiff's motion for leave to renew, unanimously dismissed, without costs, as academic.

The record establishes that plaintiff is entitled to the declaration sought, where the underlying action seeks damages in connection with the insured's (Midtown) waterproofing work of Fortuna's premises. The subject insurance policy's Classification Limitation endorsement, as reflected in the Declarations page, limits the scope of coverage to four classifications, none of which encompass waterproofing, thereby precluding coverage (*see Black Bull Contr., LLC v Indian Harbor Ins. Co.*, 135 AD3d 401, 403 [1st Dept 2016]; *New York City Hous. Auth. v United States Underwriters Ins. Co.*, 7 AD3d 393 [1st Dept 2004]). Concur—Friedman, J.P., Sweeny, Moskowitz, Gische and Kapnick, JJ.