525 So.2d 567 (1988)
CONSOLIDATED AMERICAN INSURANCE CO., Plaintiff-Appellant,
v.
Lersey LANDRY, et al., State Farm Fire and Casualty Company, Defendant-Appellee.
No. 87-412.
Court of Appeal of Louisiana, Third Circuit.
May 11, 1988.
Allen, Gooch, Bourgeois, Breaux, Robison & Theunissen, P.C., Nora Stelly, Lafayette, for plaintiff-appellant
Matthew Hill, Jr., Lafayette, Wade Mouton, Kaplan, for defendantappellant
Roy, Forrest & Lopresto, Alex Lopresto III, New Iberia, for plaintiff-appellee.
Before DOMENGEAUX and GUIDRY, JJ., and REGGIE[*], J. Pro Tem.
GUIDRY, Judge.
The plaintiff-appellant, Consolidated American Insurance Company (Consolidated), appeals the trial court's granting of the defendant-appellee's, State Farm Fire and Casualty Company's (State Farm), motion for summary judgment, which dismissed the plaintiffs suit against State Farm with prejudice and at the plaintiffs cost
This case arises out of a fire that occurred on or about January 2, 1985 at the home of Roland LeMaire. The fire substantially damaged the home and its contents. Consolidated had issued a policy of insurance covering the building and paid LeMaire for the loss, i.e., the sum of $92,000.00. Contending it is subrogated to Le-Maire's rights, Consolidated filed suit against Lersey Landry d/b/a Landry Lumber Yard, contending that Landry negligently installed electrical wiring and circuiting in the LeMaire's home, which was the cause of the fire. By an amending and *568 supplemental petition, State Farm was added as a defendant, on the basis that State Farm allegedly provided liability insurance coverage to Lersey Landry d/b/a Landry's Lumber Yard.
State Farm filed a motion for summary judgment after filing a general denial answer, claiming that the policy it issued to Landry covered a different business entity that Landry owned and provided no liability coverage to Landry arising out of operations conducted by Lersey Landry d/b/a Landry Lumber Yard. The named insured in the State Farm policy of liability insurance is Lersey Landry d/b/a Landry's Apartments.
The material facts are undisputed. The issue to be reviewed can be resolved by applying the law to the undisputed facts and, therefore, consideration of this matter on a motion for summary judgment is proper.
The record reflects that Lersey Landry is the sole proprietor of two different and distinct businesses. Landry owns and operates an apartment rental business which consists of two buildings on the outskirts of Kaplan, Louisiana. Landry also owns and operates Landry Lumber Yard, which is basically a carpentry business. He employs two other people when he undertakes construction jobs.
The trial court granted the motion for summary judgment, finding the policy issued by State Farm covered only Lersey Landry doing business as Landry's Apartments.
The State Farm policy provides "Comprehensive Business Liability" coverage which obligates the company to pay on behalf of the insured all sums which the insured becomes legally obligated to pay as damages because of property damage caused by an occurrence to which the insurance applies. Under the definitions part of the policy, insured is defined as follows:
"7. Insured means each of the following to the extent set forth below:
a. If the named insured is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which they are the sole proprietor ..."
The named insured on the declarations page of the policy is "LANDRY, LERSEY DBA LANDRY'S APARTMENTS".
In deciding as it did, the trial court reasoned as follows:
"The insurance policy, when read as a whole, clearly indicates that coverage applies only to the apartment business. This can be ascertained from the `four corners' of the policy, without need to look to the intent of the parties to the contract. Although Landry may or may not have incurred some liability through the operation of Landry Lumber Yard, this is a separate and distinct business pursuit, even theough [sic] he operates both as a sole proprietor.
Accordingly, the Court holds that the apartment policy issued to Lersey Landry, d/b/a Landry's Apartments does not provide coverage for liability to third persons incurred in the conduct of Lersey Landry, d/b/a Landry Lumber Yard. State Farm's motion for summary judgment is granted, there being no genuine issue of material fact."
On appeal, Consolidated urges that the definition of the term "insured" as contained in the State Farm policy extends liability coverage to any business of which Lersey Landry is the sole proprietor. In the alternative, appellant argues that the policy should contain an exclusion for all other sole proprietorships owned by the insured, and without such exclusion, the policy is ambiguous and should be construed in favor of coverage.
We find no error in the learned trial judge's resolution of the issue presented. Appellant's argument that the State Farm policy extends liability coverage to any business operated by Lersey Landry as a sole proprietor, totally ignores the limiting phrase in the designation of insured, "... DBA LANDRY'S APARTMENTS". The term "insured" is not of fixed meaning and often its signification may be ascertained only from the context of the policy in which it appears. 44 CJ.S. 499 (Sec. 49). We agree with the trial court that the State *569 Farm policy is not ambiguous and clearly provides coverage to Lersey Landry only with respect to his sole proprietorship of the Landry Apartments.
For these reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[*] Judge Edmund M. Reggie, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.