1 iPLOTKIN, Judge,
dissenting.
I respectfully dissent in the majority opinion affirming the trial court judgment denying the motion for summary judgment in favor of defendant Lafayette Insurance Co. and granting the motion for summary judgment in favor of plaintiff Ambrose Peterson. The declarations page of the Commercial General Liability Policy issued by Lafayette Insurance, policy number 88-112 700, is clear; the policy is intended to cover only those injuries which occur on the premises where defendant Robert A. Schimek’s medical practice is located.
The policy in question lists the named insured as “SCHIMEK ROBERT A DR”; the policy period is identified as June 14, 1994 through June 14, 1995. Under the heading “DESCRIBED PREMISES AND COVERAGES,” the policy lists the following addresses:
4224 HOUMA BLVD STE 110
METAIRIE LA 70003
JOISTED MASONRY
OFFICE
3217 CANAL ST
,NEW ORLEANS LA 70119
FRAME .
OFFICE
As the majority points out, the “Insuring Agreement” section under the heading “COVERAGE A: BODILY INJURY AND PROPERTY DAMAGE LIABILITY,” the policy provides, in pertinent part, as follows:
We will pay those sums that the insured becomes legally obligated to pay as damages because of “bodily injury” or “property damage” to which this insurance applies. ... This insurance applies only to “bodily injury” and |2“property damage” which occurs during the policy period. The “bodily injury” or “property damage” must be caused by an “occurrence.” The *506 “occurrence” must take place in the “coverage territory.”
The term “Coverage Area,” is defined, in pertinent part, under “SECTION V — DEFINITIONS” as “The United States of America (including its territories and possessions), Puerto Rico and Canada.” Under “SECTION II — WHO IS AN INSURED,” the policy states, in pertinent part, as follows:
1. If you are designed in the Declarations as:
a. An individual, you and your spouse are insured, but only with respect to the conduct of a business of which you are a sole owner.
The majority incorrectly interprets the above provisions of the insurance policy to provide coverage for injuries incurred in any accident which occurs on premises where the named insured conducts a business of which he is the sole owner within the continental United States. In so doing, the majority finds that the Commercial General Liability Policy in question provides coverage for injuries incurred by the plaintiff at an address completely separate from the addresses listed on the Declarations Page under “DESCRIBED PREMISES AND COVERAGES.”
The court in Consolidated American Insurance Co. v. Landry, 525 So.2d 567 (La.App. 3 Cir.1988) faced almost the exact same issue raised by the instant appeal — i.e., whether an insurance policy insuring the defendant’s apartment business covered injuries occurring as a result of the defendant’s other business, a lumber yard. In finding that the policy did not find coverage for the plaintiffs injuries, the court quoted the trial court’s judgment with approval, in pertinent part, as follows:
The insurance policy, when read as a whole, clearly indicates that coverage applies only to the apartment business. This can be ascertained from the “four corners” of the policy, without need to look to the intent of the parties to the contract. Although [the defendant owner] may have incurred some liability through the operation of [the lumber business], this is a '^separate and distinct business pursuit, even theough [sic] he operates both as a sole proprietor.
The reasoning of the Landry case is sound and should be followed in the instant ease. The only thing distinguishing Landry from this case is the fact that the named insured listed on the policy in Landry was “LANDRY, LERSEY DBA LANDRY’S APARTMENTS,” while the named insured in the instant case is simply “SCHIMEK ROBERT A DR,” without any designation concerning the exact business interest insured. However, the same declarations page listing the “named insured” lists the “DESCRIBED PREMISES AND COVERAGES” as 4224 Houma Blvd, Ste. 110, Metairie, LA 70003 and 3217 Canal St., New Orleans, LA 70119. The accident in question in the instant case occurred at Dr. Schimek’s rental property located at 2533 River Road, Jefferson, LA 70121. Accidents at that location are not covered by the Commercial General Liability Policy at issue.
This conclusion is supported by the fact that Lafayette Insurance issued a second policy to Dr. Schimek, policy number 73-710 543, a “Dwelling Policy.” The Declarations Page of that policy identifies “SCHIMEK ROBERT A DR” as the named insured; the policy period is designated as April 19, 1994 through April 19,1995. The following address is listed under the heading “COVERAGE AND DESCRIBED LOCATION(S)”:
2533 RIVER ROAD (FRONT) ME-TAIRIE LA 70003, PERMANENT, NON-OWNER, 2 FAMILIES, 2 STORIES, FRAME.
The injuries sustained by the plaintiff in the instant case are clearly covered by the second policy, the Dwelling Policy, policy number 73-710 543.
Furthermore, the uneontroverted testimony of the insurance agent who wrote the policy was that the Commercial General Liability policy applied only to Dr. Schimek’s “business as an eye doctor.” Moreover, the agent testified | concerning the dwelling policies on Dr. Schimek’s various investment rental properties. The insurance agent gave detailed testimony concerning Dr. Sehimek’s requests for insurance coverage on the premises housing his medical practice, as opposed *507 to the insurance coverage for his investment rental properties.
Accordingly, the trial court judgments denying Lafayette General’s motion for summary judgment concerning the Commercial General Liability Policy, policy number 88-112 70, and granting the motion for summary judgment in favor of Mr. Peterson concerning the same policy is manifestly erroneous. I dissent from the majority’s decision affirming those judgments.