IN RE INTEREST OF J.M.N., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, V. NEBRASKA DEPARTMENT OF SOCIAL SERVICES, APPELLANT.

464 N.W.2d 811

Filed January 25, 1991.    No. 90-146.

Robert M. Spire, Attorney General, and Royce N. Harper for appellant.

William D. Kurtenbach, Platte County Attorney, and Richard A. Fedde for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

The Nebraska Department of Social Services (DSS) appeals a district court order affirming a juvenile court order finding DSS to be a "parent" and therefore liable for the cost of alcohol treatment for one of its wards.

As a matter of law, DSS is not a "parent" within the meaning of Neb. Rev. Stat. § 43-290 (Reissue 1988). We, therefore, reverse the order of the district court for Platte County, which affirmed the order of the Platte County Court, juvenile division, requiring DSS to pay $4,203.96 for alcohol treatment for one of its wards.

The parties are in agreement on the following facts: On February 10, 1984, the Colfax County Court, pursuant to Neb. Rev. Stat. § 43-247(3) (Cum. Supp. 1982), after hearing, found J.M.N., a juvenile, to be a dependent and neglected child and made him a ward of DSS. On August 23, 1985, the same court terminated the parental rights of J.M.N.'s biological parents and continued the juvenile's placement with DSS. At all times relevant herein, the child had yet to be adopted or released from his placement with DSS.

If the Platte County Court somehow attempted to order DSS to obtain and pay for alcohol treatment for J.M.N. because he was a neglected, dependent child and ward of DSS, the court had no authority to do so, since there was no such case pending before it.

Two petitions were filed in the Platte County Court, alleging that J.M.N. was a law violator. One petition was filed on May 12, 1989, alleging that J.M.N. had committed criminal trespass in the first degree. A petition filed on March 29, 1989, alleged that he had failed to appear as ordered by the court. Both the trespass and failure to appear charges are misdemeanors under

the Nebraska Criminal Code and, as to juveniles, fall within the purview of the Nebraska Juvenile Code, under Neb. Rev. Stat. § 43-247(1) (Reissue 1988). Apparently, the Platte County Court entered some type of order on June 22, 1989. Neither the bill of exceptions nor the transcript contains that order, although in the matter presently before this court, the trial court took judicial notice of the order. The statement of facts in the brief of DSS refers to an adjudicative order of May 31, 1989, but again, that order is not disclosed in either the bill of exceptions or the transcript. If J.M.N. was not adjudicated to be a law violator, then it follows that the Platte County Court had no jurisdiction to order alcohol treatment for the juvenile, let alone order DSS to pay for the treatment.

Again, although it does not appear in the transcript, apparently, a deputy county attorney for Platte County filed a motion for support in the Platte County Court. At the hearing on the motion, the juvenile court judge stated: "This is an issue where the — *Platte County* [sic] is asking for the State of Nebraska since they have custody and jurisdiction over the juvenile to pay for his treatment/support." (Emphasis supplied.) In his order after the hearing, the juvenile court judge declared that the "*state's motion* [sic] to require the Nebraska Department of Social Services to pay the appropriate amount for the treatment [of J.M.N.] at the Valley Hope Alcoholism Treatment Center pursuant to this Court's order of June 22, 1989 is hereby sustained." (Emphasis supplied.) In its ruling on the motion, the Platte County Court made seven specific findings: (1) The case was filed under § 43-247(1); (2) J.M.N. is a ward of DSS; (3) *In re Interest of G.B., M.B., and T.B.*, 227 Neb. 512, 418 N.W.2d 258 (1988), was not applicable; (4) DSS was responsible for paying for the treatment because J.M.N. was a ward of DSS; (5) pursuant to § 43-290, the treatment program was needed; (6) under § 43-290, a parent, guardian, or custodian cannot fail to pay treatment ordered by the court on the grounds that the juvenile refuses to accept treatment; and (7) DSS is responsible for the juvenile, since the parental rights were terminated, even though he became a law violator.

The court then concluded that pursuant to § 43-290, DSS is

the same as any other parent, guardian, or custodian and is required to pay for the treatment.

Upon appeal by DSS, the district court for Platte County affirmed the order of the county court. DSS appealed to this court.

The Supreme Court has jurisdiction only to hear appeals from final orders. *Brozovsky v. Norquest*, 231 Neb. 731, 437 N.W.2d 798 (1989). A final order is "[a]n order affecting a substantial right in an action . . . ." Neb. Rev. Stat. § 25-1902 (Reissue 1989). An order which directs DSS to pay for the costs of treatment is a final order for purposes of § 25-1902. *In re Interest of B.M.H.*, 233 Neb. 524, 446 N.W.2d 222 (1989).

The sole issue before this court is whether DSS is a parent for purposes of § 43-290, which provides in pertinent part:

> It is the purpose of this section to promote *parental responsibility* and to provide for the most equitable use and availability of public money.

> Pursuant to the petition filed by the county attorney . . . in accordance with section 43-274, whenever the care or custody of a juvenile is given by the court to someone other than his or her parent, which shall include placement with a state agency, or when a juvenile is given medical, psychological, or psychiatric study or treatment under order of the court, the court shall make a determination of support to be paid by a *parent* for the juvenile . . . .

> At such proceeding . . . the court may order and decree that the *parent* shall pay, in such manner as the court may direct, a reasonable sum that will cover in whole or part the support, study, and treatment of the juvenile, which amount ordered paid shall be the extent of the liability of the *parent*.

(Emphasis supplied.)

The juvenile court determined that DSS was a "parent" for purposes of the statute. Despite the juvenile court judge's finding, a guardian or custodian is not encompassed within the wording of § 43-290.

A "parent" is defined under the juvenile code as "one or both parents or a stepparent when such stepparent is married to the custodial parent as of the filing of the petition." Neb. Rev.

Stat. § 43-245(1) (Reissue 1988). Statutory language should be given its plain and ordinary meaning, and where the words of a statute are plain, direct, and unambiguous, no interpretation is necessary to ascertain their meaning. *Weimer v. Amen*, 235 Neb. 287, 455 N.W.2d 145 (1990); *State v. Crowdell*, 234 Neb. 469, 451 N.W.2d 695 (1990).

It is undeniable that at the time the Platte County Court entered its order requiring DSS to pay for J.M.N.'s alcohol treatment, "parent," as defined in the juvenile code, was clear and unambiguous. DSS, not being a parent, could not be required to pay for J.M.N.'s alcohol treatment under § 43-290. The juvenile court judge's order requiring DSS to pay for J.M.N's alcohol treatment was void from its inception.

We are not unmindful that § 43-290 was amended effective August 25, 1989, to provide in part that "[i]f the juvenile has been committed to the care and custody of the Department of Social Services, the department shall pay the costs for the support, study, or treatment of the juvenile which are not otherwise paid by the juvenile's parent." § 43-290 (Cum. Supp. 1990).

Here, J.M.N. had previously been committed to the care and custody of DSS. However, the amendment falls within the general rule that a legislative act will operate prospectively and not retrospectively, unless there is a clearly disclosed legislative intent and purpose that it should operate retrospectively. *State v. Von Dorn*, 234 Neb. 93, 449 N.W.2d 530 (1989). No such intent was clearly expressed by the bill amending § 43-290. See 1989 Neb. Laws, L.B. 182. We hold that the amendment to § 43-290 providing that "[i]f the juvenile has been committed to the care and custody of the Department of Social Services, the department shall pay the costs for the support, study, or treatment of the juvenile which are not otherwise paid by the juvenile's parents" applies only where the court orders such services after the effective date of the amendment, August 25, 1989. In this case, the juvenile court ordered, and J.M.N. received, alcohol treatment before the amendment became effective.

The order of the district court for Platte County, affirming the order of the Platte County Court requiring DSS to pay for

J.M.N.'s alcohol treatment, is reversed, and the district court is directed to reverse and vacate the order of the Platte County Court, juvenile division, in this matter, and direct the Platte County Court judge to dismiss the motion filed by the deputy county attorney for Platte County.

REVERSED AND REMANDED WITH DIRECTIONS.