■ JUAN RUIZ et al., Plaintiffs, v STATE WIDE INSULATION AND CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Respondent-Appellant. PANICOS DEMETRIADES, Third-Party Defendant-Respondent-Appellant; HERMITAGE INSURANCE COMPANY, Third-Party Defendant-Appellant-Respondent. (And Another Action.) [703 NYS2d 257] —In an action to recover damages for personal injuries and property damage, etc., and a related subrogation action, (1) the third-party defendant Hermitage Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated June 3, 1998, as denied its cross motions for summary judgment dismissing the third-party complaint insofar as asserted against it, and for a judgment declaring that it is not obligated to defend and indemnify the third-party defendant Panicos Demetriades in the main action, (2) the third-party plaintiff State Wide Insulation and Construction Corp. cross-appeals, as limited by its brief, from so much of the same order as denied its cross motions for summary judgment on its third-party complaint against the third-party defendants Hermitage Insurance Company and Panicos Demetriades, and (3) the third-party defendant Panicos Demetriades cross-appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment declaring that Hermitage Insurance Company was obligated to defend and indemnify him in the main action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the cross motions of Hermitage Insurance Company, and substituting therefor a provision granting those cross motions; as so modified, the order is affirmed, with one bill of costs to Hermitage Insurance Company payable by State Wide Insulation and Construction Corp. and Panicos Demetriades.

The third-party defendant Hermitage Insurance Company (hereinafter Hermitage) issued a general commercial liability policy to the third-party defendant Panicos Demetriades. The

declarations page of the policy described Demetriades' business as "painting" and incorporated by reference an endorsement entitled "Classification Limitation" which limited the operations from which a claim could arise to those described in the schedule of insurance.

The plaintiffs allege that they sustained personal injuries and property damage when a fire broke out at their premises while the third-party defendant Panicos Demetriades was engaged in repairing their roof. Hermitage properly denied Demetriades' claim that it was obligated to defend and indemnify him on the ground that the claim was beyond the scope of the activity covered by his policy, which was limited to "painting". Demetriades asserts that the provision limiting coverage to "painting" operations was not in effect since it was unsigned and he never received it.

The declarations page and the accompanying endorsements were made part of the insurance policy and were incorporated by reference into the policy regardless of whether the insured received actual delivery thereof (*see, Hirshfeld v Maryland Cas. Co.,* 249 AD2d 274). The terms of the policy are clear and unambiguous and their construction may be determined as a matter of law (*see, Gelb v Elroy Enters.,* 170 AD2d 481).

The parties' remaining contentions are without merit (*see, Benatovich v Propis Agency,* 224 AD2d 998; *Galaska v State Farm Mut. Auto. Ins. Co.,* 177 AD2d 947). O'Brien, J. P., Friedmann, Florio and Schmidt, JJ., concur.