LLOYD SOUKOP, DOING BUSINESS AS LLOYD'S USED CARS,
APPELLANT, v. CONAGRA, INC., A NEBRASKA CORPORATION, AND
ITS SUBSIDIARY, PEAVEY GRAIN COMPANY, INC., APPELLEES.

653 N.W.2d 655

Filed December 6, 2002.   No. S-01-910.

Galen E. Stehlik, of Lauritsen, Brownell, Brostrom, Stehlik, Thayer & Myers, for appellant.

Kristopher J. Covi, of McGrath, North, Mullin & Kratz, P.C., for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

In 1998, Neb. Rev. Stat. § 2-4403 (Reissue 1997) was amended to provide to a "public grain warehouse or public grain warehouse operation" the same protection from public or private nuisance lawsuits already afforded to a "farm or farm operation." See § 2-4403 (Cum. Supp. 2002). The issue raised in this case is whether the 1998 amendment applies retroactively to a private nuisance action instituted against a grain elevator in 1997.

## BACKGROUND

On March 14, 1997, Lloyd Soukop, doing business as Lloyd's Used Cars (Soukop), filed a private nuisance action against ConAgra, Inc., and Peavey Grain Company, Inc. (collectively Peavey), in the district court for Hall County. Soukop is the owner

of a used car business in Grand Island. Approximately one block from Soukop's business is a grain elevator operated by Peavey. Soukop alleged that Peavey's grain elevator discharged grain dust, chaff, and other materials into the air and that these materials settled onto his used car inventory. As a result, Soukop alleged that he incurred expenses to keep his used cars clean and suffered from a loss of sales and diminished profits. He sought damages and injunctive relief. In its answer, Peavey denied that its activities constituted a private nuisance and also asserted several affirmative defenses.

On June 4, 2001, Peavey filed a motion for summary judgment, arguing that it was entitled to judgment as a matter of law under the Nebraska Right to Farm Act, Neb. Rev. Stat. §§ 2-4401 to 2-4404 (Reissue 1997 & Cum. Supp. 2002). On July 10, the district court granted Peavey's motion. In its order, the district court determined that § 2-4403 (Cum. Supp. 2002), as amended by L.B. 1193 in 1998, governed the dispute. The court found that the grain elevator was built in 1936 and that Peavey had never been the defendant in a nuisance action or received a written complaint since it assumed control of the elevator in 1975. The court found that Soukop had been a landowner in the vicinity of the elevator since 1967, but did not begin his used car business at his present location until 1981. The court also found that there was no evidence to suggest that the grain elevator's activities constituted a nuisance prior to a change in the use of Soukop's land in 1981. Thus, the district court concluded that Peavey was entitled to judgment as a matter of law under § 2-4403 of the Nebraska Right to Farm Act. Soukop appealed the district court's decision, and we moved the case to our docket on our own motion.

## ASSIGNMENTS OF ERROR

Soukop maintains, rephrased and consolidated, that the district court erred in applying § 2-4403 retroactively.

## STANDARD OF REVIEW

■ Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts

and that the moving party is entitled to judgment as a matter of law. *American Fam. Mut. Ins. Co. v. Hadley, ante* p. 435, 648 N.W.2d 769 (2002).

## ANALYSIS

The Nebraska Right to Farm Act was enacted by the Legislature in 1982. In 1998, the Legislature passed L.B. 1193, which amended § 2-4403 of the act. As a result of this amendment, § 2-4403 currently states the following, with the language added by L.B. 1193 underlined:

> A farm or farm operation <u>or a public grain warehouse or public grain warehouse operation</u> shall not be found to be a public or private nuisance if the farm or farm operation <u>or public grain warehouse or public grain warehouse operation</u> existed before a change in the land use or occupancy of land in and about the locality of such farm or farm operation <u>or public grain warehouse or public grain warehouse operation</u> and before such change in land use or occupancy of land the farm or farm operation <u>or public grain warehouse or public grain warehouse operation</u> would not have been a nuisance.

The amendment to § 2-4403 became effective July 15, 1998, more than 1 year after Soukop filed his action against Peavey. The district court nonetheless concluded that the amended version of § 2-4403 applied to Soukop's case and barred Soukop from proceeding with his nuisance action against Peavey. Soukop argues that his action is instead governed by the pre-1998 version of § 2-4403, which shields only a "farm or farm operation" from a nuisance action. Therefore, Soukop contends that Peavey's grain elevator is not protected from being found to be a nuisance, and the district court erred in granting summary judgment in Peavey's favor. There is no dispute that Peavey's grain elevator is a "public grain warehouse or public grain warehouse operation" and is not a "farm or farm operation" as those terms are defined in § 2-4402.

In noncriminal cases, substantive statutes are generally not given retroactive effect unless the Legislature has clearly expressed an intention that the new statute is to be applied retroactively. *In re Interest of Clifford M. et al.*, 261 Neb. 862, 626 N.W.2d 549 (2001). See, also, *Abboud v. Papio-Missouri*

1018

*River NRD,* 253 Neb. 514, 571 N.W.2d 302 (1997) (legislative act operates only prospectively and not retrospectively unless legislative intent and purpose that it should operate retrospectively is clearly disclosed); *Vervaecke v. State,* 247 Neb. 707, 529 N.W.2d 779 (1995) (Wright, J., dissenting), quoting *State v. City of Kearney,* 49 Neb. 337, 70 N.W. 255 (1897) (law will not be given retrospective operation, unless that intention has been manifested by most clear and unequivocal expression). Thus, the 1998 amendment to § 2-4403 does not govern the action filed by Soukop in 1997 unless the Legislature clearly disclosed its intent that it should operate retroactively.

In *Abboud v. Papio-Missouri River NRD, supra,* we considered whether an amended statute applied retroactively. Without referring to the legislative history, we found express language in the amended statute indicating the Legislature's intent that the amended statute apply retroactively. Conversely, in *Young v. Dodge Cty. Bd. of Supervisors,* 242 Neb. 1, 493 N.W.2d 160 (1992), and *In re Interest of J.M.N.,* 237 Neb. 116, 464 N.W.2d 811 (1991), we declined to give retroactive application to amended statutes because no language in the amended statutes clearly evidenced such intent on the part of the Legislature. See, also, *Vervaecke v. State, supra; Wheelock & Manning OO Ranches, Inc. v. Heath,* 201 Neb. 835, 272 N.W.2d 768 (1978) (legislative acts given retroactive application because of language in acts disclosing such intent); *State v. Von Dorn,* 234 Neb. 93, 449 N.W.2d 530 (1989); *Retired City Civ. Emp. Club of Omaha v. City of Omaha Emp. Ret. Sys.,* 199 Neb. 507, 260 N.W.2d 472 (1977); *Dell v. City of Lincoln,* 170 Neb. 176, 102 N.W.2d 62 (1960); *State ex rel. City of Grand Island v. Union Pacific R. R. Co.,* 152 Neb. 772, 42 N.W.2d 867 (1950); *School District of Omaha v. Adams,* 151 Neb. 741, 39 N.W.2d 550 (1949) (legislative acts contained no language indicating retroactive application was intended; therefore, acts applied prospectively only).

The common thread of each of the above-cited cases is that an inquiry as to whether the Legislature intended retroactive application of a statute began and ended with an examination of the words on the face of the statute. The reviewing courts in the above-cited cases declined to give the statutes retroactive effect absent any express language in the statute or related provisions

to the contrary. A similar analysis of § 2-4403, as amended in 1998, leads us to conclude that the Legislature did not clearly disclose an intent to apply the amended statute retroactively. L.B. 1193 merely inserted the language "public grain warehouse or public grain warehouse operation" within the statute. Had the Legislature intended to apply the statute retroactively, it could have included language in the legislative bill stating that the statute applied to nuisance lawsuits against public grain warehouses arising prior to its enactment. The Legislature did not do so. Thus, we conclude that the district court erred in finding that the amended version of § 2-4403 governed Soukop's action. Under the pre-1998 version of § 2-4403, nothing precludes Soukop from maintaining his action against Peavey and the district court erred in granting judgment in favor of Peavey as a matter of law.

## CONCLUSION

A legislative act operates only prospectively and not retrospectively unless the legislative intent and purpose that it should operate retrospectively is clearly disclosed. L.B. 1193, which amended § 2-4403 in 1998, contains no language evidencing an intent that it should be applied retrospectively. Thus, Soukop's action is governed by the version of § 2-4403 in effect at the time he filed his action. Under that statute, Peavey was not entitled to judgment as a matter of law. The judgment of the district court is reversed, and the cause remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

STEPHAN, J., not participating.