SHIRLEY FINCH, APPELLANT, V. FARMERS INSURANCE EXCHANGE, AN INTERINSURANCE EXCHANGE, APPELLANT, AND PAFCO GENERAL INSURANCE COMPANY, APPELLEE.

656 N.W.2d 262

Filed February 7, 2003. No. S-01-1336.

278

Daniel P. Chesire and Raymond E. Walden, of Lamson, Dugan & Murray, L.L.P., for appellants.

Larry E. Welch, Jr., of Welch Law Firm, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Shirley Finch brought this declaratory judgment action in Douglas County District Court against Farmers Insurance Exchange (Farmers) and PAFCO General Insurance Company (PAFCO). In a separate action, Finch had been named as a defendant in a lawsuit filed by Florence Sherman, who claimed she suffered damages as a result of a June 11, 1998, automobile accident involving Sherman and Finch. At the time of the accident, Finch was driving a vehicle owned by Jeffrey Willis and insured by PAFCO under a policy covering the period March 27 to September 27, 1998 (the March 27 policy). Also at the time of the accident, Finch owned a vehicle which was insured under an automobile insurance policy issued by Farmers. In the declaratory judgment action, Finch sought a declaration as to which liability insurance policy, if any, provided coverage with respect to the June 11 accident and had a duty to defend Finch in the Sherman litigation.

PAFCO and Finch filed motions for summary judgment. The district court determined that the March 27 policy excluded Finch as a driver and that, therefore, the March 27 policy did not provide coverage relative to the accident. The district court further determined that Finch's Farmers policy covered the accident. Based on these determinations, the district court granted

PAFCO's motion for summary judgment against Finch, denied Finch's motion for summary judgment against PAFCO, and granted Finch's motion for summary judgment against Farmers. Finch's declaratory judgment action against PAFCO was dismissed, and judgment entered in conformity with the determinations of the district court. Finch and Farmers appeal the district court's order sustaining PAFCO's motion for summary judgment and overruling Finch's motion for summary judgment against PAFCO. We affirm.

## STATEMENT OF FACTS

On June 11, 1998, Finch was involved in an automobile accident with Sherman in Omaha, Nebraska. At the time of the accident, Finch was driving a 1986 Jeep Wagoneer owned by Willis. Willis and Finch had been residing together for approximately 19 years, and Finch was driving the Wagoneer with Willis' permission. On June 11, Finch's car was in the shop for repairs.

At the time of the accident, the Wagoneer was a covered vehicle under an automobile liability insurance policy issued by PAFCO to Willis. On November 21, 1997, Willis had first applied for PAFCO liability insurance on a 1980 Buick which he owned. According to the evidence, Willis was told by the insurance agent who was taking his application that all members of the household had to be listed as drivers under the policy or be excluded. In this connection, Willis initialed the following statement in the application: "I understand that failure to disclose all operators in household will jeopardize my coverage." Willis requested that Finch be excluded from coverage under the policy. Willis signed the application form and separately executed the "Driver Exclusion" portion of the application that provided as follows: "I understand that this policy will not provide coverage when any vehicle is driven by the following person(s): Shirley Finch." According to Willis' testimony, he knew Finch was excluded from coverage initially and under the March 27 policy.

PAFCO issued a liability insurance policy covering Willis' 1980 Buick effective November 21, 1997. The policy's declarations page denominated the insurance as a "New Policy" and stated that "[t]his declarations page with policy provisions and endorsements, if any, completes the . . . policy." Under the section

of the declarations page labeled "Policy Forms and Endorsements," Finch was identified as an excluded driver, with the language "EXCLD-SHIRLEY FINCH."

After the policy was issued, Willis failed to pay his premium when due, and coverage was canceled. On February 1, 1998, at Willis' request and following the payment of his premium, the policy was "rewritten." A new declarations page was issued setting forth identical insurance coverage as the original policy and again stating that the declarations page with policy provisions and endorsements constituted the policy. Under the section of the declarations page labeled "Policy Forms and Endorsements," the rewritten policy identified Finch as an excluded driver.

Willis again failed to pay his insurance premium when due, and coverage was canceled. On or about March 27, 1998, the policy was again rewritten. At this time, Willis added the Wagoneer as an additional covered vehicle under the policy. The rewritten policy listing both the Buick and Wagoneer is the March 27 policy, effective on that date. Other than the addition of the Wagoneer and the resulting increased insurance premium, the insurance coverage was identical to the previously-issued policies. Specifically, the March 27 policy's declarations page identified Finch as an excluded driver and stated that "[t]his declarations page with policy provisions and endorsements, if any, completes the . . . policy." On June 11, 1998, while driving the Wagoneer, Finch was involved in an automobile accident with Sherman. There is no dispute among the parties to the present appeal that the Wagoneer was a covered vehicle under the March 27 policy or that the March 27 policy was the PAFCO policy then in effect at the time of the accident.

In August 1999, Sherman filed a lawsuit against Finch, alleging negligence and seeking damages as a result of the automobile accident. Thereafter, Finch filed this declaratory judgment action. In her amended petition filed on January 12, 2001, against PAFCO and Farmers, Finch sought a judicial determination as to which insurance policy provided coverage and which company had an obligation to defend Finch in the lawsuit brought by Sherman.

PAFCO filed its answer on February 15, 2001, and denied coverage, claiming Finch was an excluded driver under the March 27

policy. In its answer to the amended petition, Farmers denied coverage for reasons that are not relevant to the pending appeal.

Finch moved for summary judgment against both PAFCO and Farmers. PAFCO filed a motion for summary judgment against Finch. An evidentiary hearing on the motions for summary judgment was held on September 4, 2001, and continued on September 27. A total of 13 exhibits were admitted into evidence.

In a memorandum and order filed November 6, 2001, the district court determined that Finch was an excluded driver under the March 27 policy, granted PAFCO's motion for summary judgment against Finch, overruled Finch's motion for summary judgment against PAFCO, and granted Finch's summary judgment motion against Farmers. The district court concluded that Finch's accident with Sherman was covered under the Farmers insurance policy.

Finch appeals the district court's order sustaining PAFCO's motion for summary judgment and overruling her motion for summary judgment against PAFCO. Farmers joins Finch's appeal. Farmers has not appealed the district court's order granting Finch's motion for summary judgment against Farmers.

## ASSIGNMENT OF ERROR

On appeal, Finch and Farmers assert three assignments of error which can be restated as one. Finch and Farmers claim the district court erred in determining that Finch was an excluded driver under the March 27 policy and entering summary judgment in PAFCO's favor.

## STANDARDS OF REVIEW

Summary judgment is proper when the pleadings and the evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. Neb. Rev. Stat. § 25-1332 (Cum. Supp. 2002). See, also, *Soukop v. ConAgra, Inc.*, 264 Neb. 1015, 653 N.W.2d 655 (2002). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all

reasonable inferences deducible from the evidence. *Egan v. Stoler, ante* p. 1, 653 N.W.2d 855 (2002).

■ Although the denial of a motion for summary judgment, standing alone, is not a final, appealable order, when adverse parties have each moved for summary judgment and the trial court has sustained one of the motions, the reviewing court obtains jurisdiction over both motions and may determine the controversy that is the subject of those motions or make an order specifying the facts which appear without substantial controversy and direct further proceedings as it deems just. *Hogan v. Garden County*, 264 Neb. 115, 646 N.W.2d 257 (2002).

The interpretation of an insurance policy is a question of law, in connection with which an appellate court has an obligation to reach its own conclusions independently of the determination made by the lower court. *American Fam. Mut. Ins. Co. v. Hadley*, 264 Neb. 435, 648 N.W.2d 769 (2002); *Tighe v. Combined Ins. Co. of America*, 261 Neb. 993, 628 N.W.2d 670 (2001).

## ANALYSIS

The issue before this court is the propriety of the entry of summary judgment in favor of PAFCO and against Finch based on the district court's determination that Finch was an excluded driver under the March 27 policy. On appeal, Finch and Farmers claim that Finch was not an excluded driver under the March 27 policy, and in this regard, they note that Willis did not execute a new application, including a new driver exclusion provision, in connection with the March 27 policy. Finch and Farmers contend that the language of the March 27 policy is ambiguous. We reject the arguments of Finch and Farmers.

■ An insurance policy is a contract. *American Fam. Mut. Ins. Co., supra*; *Callahan v. Washington Nat. Ins. Co.*, 259 Neb. 145, 608 N.W.2d 592 (2000). An insurance contract is to be construed as any other contract to give effect to the parties' intentions at the time the contract was made. *American Fam. Mut. Ins. Co., supra*; *Farmers Union Co-op Ins. Co. v. Allied Prop. & Cas.*, 253 Neb. 177, 569 N.W.2d 436 (1997). When the terms of a contract are clear, a court may not resort to rules of construction, and the terms are to be accorded their plain and ordinary meaning as the ordinary or reasonable person would understand

them. *American Fam. Mut. Ins. Co., supra*; *Cincinnati Ins. Co. v. Becker Warehouse, Inc.*, 262 Neb. 746, 635 N.W.2d 112 (2001). While an ambiguous insurance policy will be construed in favor of the insured, ambiguity will not be read into policy language which is plain and unambiguous in order to construe against the preparer of the contract. *American Fam. Mut. Ins. Co., supra*; *Tighe v. Combined Ins. Co. of America, supra*.

In the instant case, there is no dispute that Willis was insured by PAFCO on June 11, 1998, that the PAFCO policy in effect on that day was the March 27 policy, and that the Wagoneer was a covered vehicle under that policy. The issue in this case involves the claim by Finch and Farmers that because Willis did not execute a new application form including a driver exclusion provision in connection with the March 27 policy, the policy is ambiguous. This claim by Finch and Farmers is incorrect as a matter of law.

The record contains the documents which taken together compose the March 27 policy, and the policy thus constituted unambiguously provides that Finch is excluded. The declarations page states that "[t]his declarations page with policy provisions and endorsements, if any, completes the . . . policy." It has been held, and we agree, that unless the facts dictate otherwise, the declarations page is part of the insurance policy and is incorporated by reference into the policy. *Ruiz v. State Wide Insulation and Const.*, 269 A.D.2d 518, 703 N.Y.S.2d 257 (2000). See, also, 2 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d § 21:21 at 21-42 (1997) ("[e]ndorsements, riders, marginal references, and other similar writings are a part of the contract of insurance and are to be read and construed with the proper policy").

In this case, the declarations page contains a section entitled "Policy Forms and Endorsements," below which are listed the following: "2000004," "NE1," "A1091," "EXCLD-SHIRLEY FINCH." Referring to the expression "EXCLD-SHIRLEY FINCH," it is clear that this phrase on the declarations page signifies that Finch is an excluded driver. It is also clear that this declarations page term, along with endorsements and policy provisions, "completes . . . the policy." Thus the term excluding Finch contained in the declarations page is a provision of the

policy, and, contrary to the assertion of Finch and Farmers, the effectiveness of this provision is not conditioned upon the execution of a new application form including a driver exclusion provision. For the sake of completeness, we note that "2000004" refers to a multipage booklet, "NE1" refers to the "Nebraska Endorsement," and "A1091" refers to "Underinsured Motorists Coverage." "NE1" and "A1091" are attached to the booklet. By its express and plain terms, the insurance contract which was in effect at the time of the accident was a contract made up of the declarations page, the policy booklet, and the endorsement forms, and the declarations page specifically excluded Finch. We conclude as a matter of law that the March 27 policy with PAFCO was unambiguous and excluded Finch from coverage. See, *American Fam. Mut. Ins. Co. v. Hadley*, 264 Neb. 435, 648 N.W.2d 769 (2002); *Tighe v. Combined Ins. Co. of America*, 261 Neb. 993, 628 N.W.2d 670 (2001).

Summary judgment is proper when the pleadings and the evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. Neb. Rev. Stat. § 25-1332 (Cum. Supp. 2002). See, also, *Soukop v. ConAgra, Inc.*, 264 Neb. 1015, 653 N.W.2d 655 (2002). We conclude that there is no genuine issue as to any material fact and that PAFCO was entitled to summary judgment as a matter of law. Accordingly, there is no merit to Finch and Farmers' appeal, and we affirm the district court's order which granted PAFCO's motion for summary judgment on the ground that Finch was an excluded driver under the March 27 policy and denied Finch's motion for summary judgment.

## CONCLUSION

The declarations page which forms a part of the March 27 policy excludes Finch from coverage under the policy as a matter of law. For the reasons stated herein, we affirm the district court's decision granting PAFCO's motion for summary judgment against Finch and denying Finch's motion for summary judgment against PAFCO.

AFFIRMED.