BRIAN M. HALL, APPELLANT, V. AUTO-OWNERS
INSURANCE COMPANY, APPELLEE.
658 N.W.2d 711

Filed April 4, 2003.   No. S-02-491.

Michael F. Coyle and Timothy J. Thalken, of Fraser, Stryker, Meusey, Olson, Boyer & Bloch, P.C., for appellant.

Daniel P. Chesire and Raymond E. Walden, of Lamson, Dugan & Murray, L.L.P., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Brian M. Hall appeals from the entry of summary judgment in favor of Auto-Owners Insurance Company (Auto-Owners). The district court for Douglas County determined that an insurance

policy issued by Auto-Owners did not provide coverage for injuries sustained by Hall and that Auto-Owners was entitled to judgment as a matter of law. The question presented by this appeal is whether an individual doing business as a sole proprietor under a trade name is a separate legal entity. We answer the question in the negative and affirm the judgment of the district court.

## BACKGROUND

This case stems from a May 22, 1996, automobile accident. Sixteen-year-old Justin Gearhart was the driver of a 1979 Pontiac Trans Am when he was involved in an accident at the intersection of LaPlatte Road and Highway 75 in Sarpy County. Justin died as a result of his injuries, and Hall, a passenger in the Trans Am, was seriously injured. The Trans Am was owned by Kenneth Gearhart (Gearhart) and Rhonda Gearhart, Justin's parents. Prior to the accident, the Trans Am had been rebuilt at Gearhart's business, Kenny's Truck Repair. Gearhart is the sole proprietor of Kenny's Truck Repair.

Following the accident, Hall's father, Thomas S. Hall, individually and as next friend for Hall, filed a negligence action against, among others, Gearhart. At trial, the parties stipulated that Justin was negligent in operating the vehicle and that Justin's negligence was the proximate cause of the collision. The parties further stipulated that Gearhart was liable to Hall's father pursuant to the family purpose doctrine and that Hall's damages were proximately caused by the negligence of Gearhart. The only issue addressed at trial was the amount of damages, which was resolved with the court's entering judgment in favor of Hall's father and against Gearhart for more than $11.8 million. At oral argument, Hall's counsel stated that Hall had received $1.8 million of this sum from defendants other than Gearhart. After the judgment was entered, Gearhart assigned to Hall any claims and causes of action Gearhart had against Auto-Owners.

Hall brought this declaratory judgment action against Auto-Owners, seeking a declaration that an Auto-Owners insurance policy issued to Gearhart, in effect at the time of the accident, provided coverage for Hall's injuries. The policy includes two types of coverage at issue here—commercial general liability (CGL) coverage and garage liability coverage.

Under section I of the garage liability coverage provisions, Auto-Owners agreed "[t]o pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law, or assumed under any contract as defined herein, for damages" due to "bodily injury . . . neither expected nor intended from the standpoint of the insured and arising out of the hazards defined in Section II of this coverage form."

The applicable division of section II of the garage liability coverage defines hazards as follows:

The insurance under this division covers the ownership, maintenance, occupation or use of the premises for the purposes of an automobile repair shop, service station, storage garage or public parking place and all operations which are necessary or incidental thereto, including the use for any purpose in connection with the foregoing of any automobile not hired, registered or owned in whole or in part by the named insured, any partner or officer thereof.

Section I of the CGL coverage provisions states, in relevant part, "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." However, the policy excludes coverage for " '[b]odily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured." The declarations pages of the insurance policy designate "KENNETH L GEARHART DBA KENNYS TRUCK REPAIR" as the insured.

Each party filed for summary judgment. At the summary judgment hearing, the insurance policy was received into evidence. In addition, Hall offered, and the court received, several other insurance documents into evidence. These documents variously listed the insured as "Kenny's Truck Repair, Kenneth L. Gearhart dba," "Kenneth L. Gearhart," or "Kenny's Truck Repair."

On April 18, 2002, the district court granted Auto-Owners' motion for summary judgment and denied Hall's motion for summary judgment. The court, relying on a number of cases from other jurisdictions, determined that Kenny's Truck Repair was not a legal entity separate and distinct from Gearhart. Thus, the court

found that the insurance policy did not provide coverage for Hall's injuries where the automobile in question was owned by the insured. Hall filed a timely appeal, and we moved the case to our own docket.

## ASSIGNMENTS OF ERROR

Hall assigns that the district court erred in (1) finding that the identity of the named insured under the garage liability and CGL provisions of the policy was not ambiguous as a matter of law, (2) finding that "Kenneth L. Gearhart" was the named insured under both the garage liability and CGL provisions, (3) granting summary judgment based on the owned automobile exclusion of the garage liability and CGL provisions, (4) denying Hall's cross-motion for summary judgment based on the owned automobile exclusion of the garage liability and CGL provisions, and (5) entering summary judgment in favor of Auto-Owners.

## STANDARD OF REVIEW

Summary judgment is proper when the pleadings and the evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. Neb. Rev. Stat. § 25-1332 (Cum. Supp. 2002); *Finch v. Farmers Ins. Exch., ante* p. 277, 656 N.W.2d 262 (2003). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

The interpretation of an insurance policy is a question of law, in connection with which an appellate court has an obligation to reach its own conclusions independently of the determination made by the lower court. *Id.*

## ANALYSIS

An insurance policy is a contract. *American Fam. Mut. Ins. Co. v. Hadley*, 264 Neb. 435, 648 N.W.2d 769 (2002). When the terms of the contract are clear, a court may not resort to rules of construction, and the terms are to be accorded their plain and ordinary meaning as the ordinary or reasonable person would

understand them. *Reisig v. Allstate Ins. Co.*, 264 Neb. 74, 645 N.W.2d 544 (2002). Under Nebraska law, a court interpreting a contract, such as an insurance policy, must first determine, as a matter of law, whether the contract is ambiguous. *Id.*

Under the CGL provisions of the insurance policy, coverage is excluded for bodily injury arising out of the "ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . *owned . . . by . . . any insured.*" (Emphasis supplied.) Similarly, coverage under the garage liability provisions extends to bodily injury arising from "the use . . . of any automobile *not . . . owned in whole or in part by the named insured.*" (Emphasis supplied.) Thus, we must determine if the automobile in this case is owned by the insured, where the automobile is owned by Gearhart and the insured is designated as "KENNETH L GEARHART DBA KENNYS TRUCK REPAIR."

■ Hall contends that the district court erred in finding that the identity of the insured in the insurance policy was not ambiguous as a matter of law. A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings. *Reisig v. Allstate Ins. Co., supra.* In addition to the policy declarations pages, where the insured is designated as "KENNETH L GEARHART DBA KENNYS TRUCK REPAIR," Hall relies on other documents in the record variously listing the insured as "Kenny's Truck Repair," "Kenny's Truck Repair, Kenneth L. Gearhart dba," or "Kenneth L. Gearhart." In effect, Hall argues that Kenny's Truck Repair is an entity separate from Gearhart and that, therefore, the automobile is not owned by the insured.

■ We are not persuaded by Hall's argument. The Nebraska Court of Appeals has recognized that doing business under another name or several names does not create an entity separate and distinct from the person operating the business. *Toulousaine de Distrib. v. Tri-State Seed & Grain*, 2 Neb. App. 937, 520 N.W.2d 210 (1994). Many courts in other jurisdictions are in agreement. See, e.g., *O'Hanlon v. Hartford Acc. & Indem. Co.*, 639 F.2d 1019 (3d Cir. 1981) (holding that where insured purchases policy in trade name, policy will be viewed as if issued in his given name); *Duval v. Midwest Auto City, Inc.*, 425 F. Supp. 1381 (D. Neb. 1977), *affirmed* 578 F.2d 721 (8th Cir. 1978);

*Pinkerton's v. Superior Court (Schrieber)*, 49 Cal. App. 4th 1342, 57 Cal. Rptr. 2d 356 (1996); *Providence Wash. Ins. v. Valley Forge*, 42 Cal. App. 4th 1194, 50 Cal. Rptr. 2d 192 (1996); *Allstate Ins. Co. v. Willison*, 885 P.2d 342 (Colo. App. 1994); *Chmielewski v. Aetna Cas. and Sur. Co.*, 218 Conn. 646, 668, 591 A.2d 101, 113 (1991) ("property owned by an individual in a trade name is nonetheless owned by him"); *Purcell v. Allstate Ins. Co.*, 168 Ga. App. 863, 310 S.E.2d 530 (1983); *Samples v. Ga. Mutual Ins. Co.*, 110 Ga. App. 297, 138 S.E.2d 463 (1964) (holding that fact that plaintiff's husband purchased automobile in name that he used in doing business does not contradict fact that he owned automobile as individual); *Georgantas v. Country Mut. Ins. Co.*, 212 Ill. App. 3d 1, 570 N.E.2d 870, 156 Ill. Dec. 394 (1991); *Trombley v. Allstate Ins. Co.*, 640 So. 2d 815 (La. App. 1994); *Bushey v. Northern Assurance*, 362 Md. 626, 637, 766 A.2d 598, 603 (2001) ("sole proprietorship form of business provides 'complete identity of the business entity with the proprietor himself'"); *Gabrelcik v. National Indemnity Co.*, 269 Minn. 445, 131 N.W.2d 534 (1964); *Carlson v. Doekson Gross, Inc.*, 372 N.W.2d 902, 906 (N.D. 1985) (holding that "when the designation of the named insured is in the form 'Individual dba . . .' the individual is the named insured, irrespective of whatever language follows the 'dba'"); *Recalde v. ITT Hartford*, 254 Va. 501, 492 S.E.2d 435 (1997) (holding that individual owner and proprietorship are single entity in insurance context). We recognize that some courts have diverged from this rule, although not without criticism. See, *Rosen v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 249 So. 2d 701 (Fla. App. 1971); *Consolidated American Ins. Co. v. Landry*, 525 So. 2d 567 (La. App. 1988); *Hertz Corp. v. Ashbaugh*, 94 N.M. 155, 607 P.2d 1173 (N.M. App. 1980). See, *Providence Wash. Ins. v. Valley Forge*, 42 Cal. App. 4th at 1202, 50 Cal. Rptr. 2d at 196 (stating "*Ashbaugh* is inattentive to the force of the principle that a trade name does not create a separate entity and wrongly relies on cases finding individual partners distinct from the insured partnership" and questioning validity of *Landry* in light of *Trombley*); *Recalde v. ITT Hartford, supra* (finding *Ashbaugh* unpersuasive because *Ashbaugh* court relied upon inapposite case involving insurance issued to partnership).

We conclude that the insured in this case ("KENNETH L GEARHART DBA KENNYS TRUCK REPAIR") was not a legal entity separate and distinct from the owner of the automobile in question (Gearhart). This conclusion provides a distinction between the case at bar and *Townley v. Whetstone*, 190 Neb. 541, 209 N.W.2d 350 (1973), upon which Hall relies. In *Townley*, this court held that an automobile owned by Martin J. Whetstone was not "owned by the 'named insured' " where the named insured consisted of two different individuals, "Larry W. and Martin J. Whetstone," each with separate legal identities. 190 Neb. at 544-45, 209 N.W.2d at 352. We held that the policy language "could reasonably be construed as meaning that only both together, not either one alone, constituted the 'named insured.' " *Id.* The policy language at issue in this case cannot be so construed. The garage liability coverage clearly provides that it does not extend to a vehicle "owned in whole or in part by the named insured," and the CGL provisions exclude coverage for vehicles owned by "any insured." The only reasonable construction of these unambiguous policy provisions is that no coverage is provided for a vehicle in which the insured, Gearhart, has either a sole or joint ownership interest.

## CONCLUSION

In the present case, the insurance policy was not ambiguous because Gearhart is legally identical to "KENNETH L GEARHART DBA KENNYS TRUCK REPAIR." The insurance policy did not extend coverage to the injuries suffered by Hall because the automobile was owned by the insured. Accordingly, the district court did not err in granting summary judgment in favor of Auto-Owners.

AFFIRMED.