Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/15/2021 08:08 AM CDT

- 940 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
SCHMUNK v. AQUATIC SOLUTIONS
Cite as 29 Neb. App. 940

Tosha Schmunk and Jason Schmunk, appellees,
v. Aquatic Solutions, appellant.

___ N.W.2d ___

Filed June 8, 2021.    No. A-20-642.

1. **Small Claims Court: Appeal and Error.** The district court and higher appellate courts generally review judgments from a small claims court for error appearing on the record.
2. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
3. ____: ____. In instances when an appellate court is required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the record.
4. **Attorney and Client: Actions.** A legal proceeding in which a party is represented by a person not admitted to practice law is a nullity and is subject to dismissal.
5. **Attorneys at Law: Attorney and Client.** A licensed member of the Nebraska bar must represent a limited liability company in the courts of this state.
6. **Attorney and Client: Parties: Appeal and Error.** When a layperson appeals both in his or her own behalf and on behalf of a business entity, an appellate court dismisses the appeal as to the entity but considers the merits of the appeal as to the errors assigned by the layperson in his or her own behalf.
7. **Actions: Pleadings: Parties.** The character in which one is a party to a suit, and the capacity in which a party sues, is determined from the allegations of the pleadings and not from the caption alone.
8. **Courts: Actions: Parties: Complaints: Pleadings: Records.** If the capacity in which a party sues is doubtful, a court may examine the complaint, the pleadings as a whole, and even the entire record.

- 941 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
SCHMUNK v. AQUATIC SOLUTIONS
Cite as 29 Neb. App. 940

9. **Actions: Pleadings: Parties.** When the pleadings show a cause of
action by a person in his individual capacity, a court may reject words
indicating representative capacity.

10. **Names.** Doing business under another name or several names does
not create an entity separate and distinct from the person operating the
business.

11. **Attorney and Client: Parties.** The prohibition on representation by a
layperson does not apply to a sole proprietorship where the owner of
that entity is representing his or her own interests.

Appeal from the District Court for Cheyenne County, Derek
C. Weimer, Judge, on appeal thereto from the County Court
for Cheyenne County, Randin R. Roland, Judge. Judgment
of District Court reversed and cause remanded for further
proceedings.

Drew Lefler, pro se.

No appearance for appellees.

Pirtle, Chief Judge, and Moore and Bishop, Judges.

Moore, Judge.

## INTRODUCTION

Tosha Schmunk and Jason Schmunk filed an action in
the county court for Cheyenne County, sitting as a small
claims court, against "Drew Lefler, Aquatic Solutions." We
have referred to the party sued in this case as "Lefler," except
when otherwise necessary to our discussion of the issues on
appeal. The small claims court entered judgment in favor of
the Schmunks. Lefler appealed, pro se, to the district court,
which dismissed his appeal. Lefler then appealed to this court.
For the reasons set forth herein, we reverse the district court's
dismissal of Lefler's appeal and remand the cause for fur-
ther proceedings.

## STATEMENT OF FACTS

On November 21, 2019, the Schmunks filed an action in
the small claims court, alleging that "the Defendents [sic]

- 942 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
SCHMUNK v. AQUATIC SOLUTIONS
Cite as 29 Neb. App. 940

company" used deceptive trade practices in the marketing of a vacuum cleaner. Service was accomplished on "Aquatic Solutions % Drew Le[f]ler."

An evidentiary hearing was held, and the small claims court heard testimony from the Schmunks and Lefler and received several documentary exhibits. In his testimony, Lefler asserted that the Schmunks failed to properly and timely cancel their order for the vacuum and were bound by the parties' contract to pay for it. On June 11, 2020, the small claims court entered judgment in favor of the Schmunks in the amount of $2,883.65 plus costs. The order specified that judgment was entered against "Aquatic Solutions."

Lefler appealed to the district court. The notice of appeal identifies the appellant as "Drew Lefler." Lefler appeared pro se at the district court hearing, during which the bill of exceptions from the small claims court hearing was received as an exhibit.

On August 20, 2020, the district court entered an order dismissing Lefler's appeal. In its order, the court first considered Lefler's capacity to appeal. The court deemed that the Schmunks' small claims complaint had identified both Aquatic Solutions and Lefler as defendants, but that the small claims court had entered judgment only as to Aquatic Solutions with no monetary judgment against Lefler. The district court observed that "Aquatic Solutions is some type of business entity and Drew Lefler is somehow affiliated with the leadership of that business entity." The court further observed that there was no evidence that Lefler was an attorney licensed in Nebraska. The court did not then analyze its jurisdiction under Neb. Rev. Stat. § 25-1315(1) (Reissue 2016), but, instead, it determined that Lefler had engaged in the unauthorized practice of law in representing Aquatic Solutions. The court cited *Steinhausen v. HomeServices of Neb.*, 289 Neb. 927, 857 N.W.2d 816 (2015), for the proposition that an individual can represent himself or herself in legal proceedings in his or her own behalf, but one who is not an attorney cannot represent

- 943 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
SCHMUNK v. AQUATIC SOLUTIONS
Cite as 29 Neb. App. 940

others. The court further cited *Steinhausen* for the proposition that a legal proceeding in which a party is represented by a person not admitted to practice law is a nullity and is subject to dismissal. The court found that while Aquatic Solutions had the right to pursue an appeal of the judgment entered against it, it did not do so with the assistance of a licensed attorney, and that the filings on its behalf by Lefler were not proper as he was not a licensed attorney. Accordingly, the court concluded that Lefler's appeal was a nullity and dismissed it on that basis.

Lefler appealed to this court. The notice of appeal identifies the party appealing as "Drew Lefler." Lefler also filed a motion for summary reversal and vacatur of the district court's August 2020 order dismissing his appeal and the small claims court's June 2020 order entering judgment "on grounds that they contain two errors, one foundational and the other a misunderstanding of fact," which "when corrected will end this long-term dispute." This court ordered the "appellant" to show cause why it should not dismiss the appeal because the appellant had not appeared by an attorney licensed to practice law in Nebraska. In his affidavit in response to the show cause order, Lefler asserted that he operates Aquatic Solutions as a sole proprietorship, that there is no legal entity separate from himself for Aquatic Solutions, and that it is therefore permissible for him to represent himself. He attached a copy of his dealer application for Equity Sales Finance, Inc., which indicates that Aquatic Solutions is operating as a sole proprietorship. This court determined that the appeal could proceed, but we overruled Lefler's motion for summary reversal. The caption on the cover of Lefler's subsequently filed appellate brief identified the appellant as "AQUATIC SOLUTIONS c/o DREW LEFLER." He also identified the appellant on the cover page and in the signature blocks following the conclusion and certificate of service pages of his brief as "Drew Lef[l]er d/b/a Aquatic Solutions."

- 944 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
SCHMUNK v. AQUATIC SOLUTIONS
Cite as 29 Neb. App. 940

## ASSIGNMENT OF ERROR

Lefler asserts, consolidated and restated, that the district court erred in dismissing his appeal from the small claims court.

## STANDARD OF REVIEW

[1-3] The district court and higher appellate courts generally review judgments from a small claims court for error appearing on the record. *Flodman v. Robinson*, 22 Neb. App. 943, 864 N.W.2d 716 (2015). See, also, Neb. Rev. Stat. §§ 25-2733 and 25-2807 (Reissue 2016); *Hara v. Reichert*, 287 Neb. 577, 843 N.W.2d 812 (2014). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Schaefer Shapiro v. Ball*, 305 Neb. 669, 941 N.W.2d 755 (2020). However, in instances when an appellate court is required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the record. *Millard Gutter Co. v. Farm Bureau Prop. & Cas. Ins. Co.*, 295 Neb. 419, 889 N.W.2d 596 (2016).

## ANALYSIS

Lefler asserts that the district court erred in dismissing his appeal from the small claims court. In addressing the issues raised in Lefler's appeal, we first review *Steinhausen v. HomeServices of Neb.*, 289 Neb. 927, 857 N.W.2d 816 (2015), the case relied on by the district court in dismissing Lefler's appeal from the judgment entered by the small claims court against Aquatic Solutions. Then, we consider generally whether a layperson can represent a sole proprietorship. Finally, assuming for the sake of our analysis that Aquatic Solutions is a sole proprietorship, we turn to the issues of Lefler's capacity to represent Aquatic Solutions and the parties to this appeal.

In *Steinhausen*, the Nebraska Supreme Court considered a pro se appeal brought by a layperson who was the sole member and registered agent of a limited liability company (LLC). The layperson, Matthew M. Steinhausen, filed

- 945 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
SCHMUNK v. AQUATIC SOLUTIONS
Cite as 29 Neb. App. 940

a civil complaint stating claims of libel, false light invasion of privacy, and tortious interference with a business relationship against certain named defendants. The caption identified the plaintiff as "'MATTHEW M. STEINHAUSEN D/B/A STEINHAUSEN HOME INSPECTIONS, LLC,'" and the complaint appeared to allege wrongs committed against both Steinhausen and the LLC. *Steinhausen*, 289 Neb. at 932, 857 N.W.2d at 823. The trial court granted summary judgment in favor of the defendants, and Steinhausen appealed. The caption on the cover of Steinhausen's appellate brief identified the appellant as "'MATTHEW M. STEINHAUSEN; D/B/A Steinhausen Home Inspections, LLC,'" and the notice of appeal stated that the party appealing was "'Plaintiff, Matthew M. Steinhausen.'" *Steinhausen*, 289 Neb. at 933, 857 N.W.2d at 824. This court entered an order to show cause why the appeal should not be dismissed because the LLC had not appeared by an attorney licensed in Nebraska. Based on the parties' responsive briefs, we determined that cause had been shown for the appeal to proceed, but we cautioned that Steinhausen could only proceed pro se on behalf of his own individual claims and not on behalf of the LLC. Subsequently, the Nebraska Supreme Court moved the appeal to its own docket under its statutory authority to regulate the caseloads of this state's appellate courts.

[4] In addressing Steinhausen's capacity to appeal, the Nebraska Supreme Court first addressed the representation of a business entity, specifically an LLC, by a layperson. The Supreme Court noted Neb. Rev. Stat. § 7-101 (Reissue 2012), which prohibits the practice of law by those not "previously admitted to the bar by order of the Supreme Court of this state." The court also noted Neb. Rev. Stat. § 7-110 (Reissue 2012), which provides that "[p]laintiffs shall have the liberty of prosecuting, and defendants shall have the liberty of defending, in their proper persons." The court stated, "The prohibition of the unauthorized practice of law is not for the benefit of lawyers. Prohibiting the unauthorized practice of law protects citizens and litigants in the administration of justice

- 946 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
SCHMUNK v. AQUATIC SOLUTIONS
Cite as 29 Neb. App. 940

from the mistakes of the ignorant on the one hand and the machinations of the unscrupulous on the other." *Steinhausen v. HomeServices of Neb.*, 289 Neb. 927, 935, 857 N.W.2d 816, 825 (2015). It stated further that a legal proceeding in which a party is represented by a person not admitted to practice law is a nullity and is subject to dismissal. *Id.*

[5] The Nebraska Supreme Court noted that the prohibition on representation by a layperson applies to entities, and it reviewed Nebraska case law previously applying that rule to find that a corporation, a partnership, and a trust must be represented by a member of the bar. The Supreme Court also observed that other courts have held that LLC's, including those with a single member, must be represented in court by a licensed attorney. It then concluded that a licensed member of the Nebraska bar must represent a limited liability company in the courts of this state. *Steinhausen, supra*. In doing so, the court observed that LLC's are entities distinct from their members, have the capacity to sue and be sued in their own name, are abstractions like corporations, and are a form of business entity conferring the significant privilege of limited liability on their members. The court declined to recognize an exception for LLC's with a single member, stating that "having called into being a new juridical person, Steinhausen cannot ignore [the LLC's] separate existence when it suits him." *Id.* at 937, 857 N.W.2d at 826.

[6-9] The Nebraska Supreme Court determined that any appeal by Steinhausen on behalf of the LLC was a nullity, but that he could prosecute an appeal in his own behalf. It noted that when a layperson appeals both in his or her own behalf and on behalf of a business entity, an appellate court dismisses the appeal as to the entity but considers the merits of the appeal as to the errors assigned by the layperson in his or her own behalf. *Steinhausen, supra*. Accordingly, the court also considered whether Steinhausen's appeal was solely for the LLC, and in doing so, it noted the confusion as to the identity of the plaintiff or plaintiffs apparent on the face of the pleadings and other filings in the case. The court stated that

- 947 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
SCHMUNK v. AQUATIC SOLUTIONS
Cite as 29 Neb. App. 940

the character in which one is a party to a suit, and the capacity in which a party sues, is determined from the allegations of the pleadings and not from the caption alone. *Id.* If the capacity in which a party sues is doubtful, a court may examine the complaint, the pleadings as a whole, and even the entire record. *Id.* When the pleadings show a cause of action by a person in his individual capacity, a court may reject words indicating representative capacity. *Id.* The Supreme Court considered the parties' arguments and examined the record as a whole before concluding that Steinhausen had brought the action and attempted to appeal on behalf of both himself and the LLC. The court dismissed his appeal on behalf of the LLC as a nullity and proceeded to consider the merits only of those assigned errors relating to claims Steinhausen could make in his own behalf.

The instant case also presents a situation where the pleadings and other filings reveal confusion as to the identity of a party below (here, the defendant or defendants). The district court determined that the complaint identified both "Aquatic Solutions" and "Drew Lefler" as defendants but that the small claims court entered judgment only against "Aquatic Solutions," which was "some type of business entity," and there was no monetary judgment against "Drew Lefler." The district court concluded that while "Aquatic Solutions" had the right to appeal the judgment against it, the filings made on its behalf by "Mr. Lefler" were not proper as he was not a licensed attorney and thus its appeal was a nullity.

In response to this court's order to show cause, Lefler filed an affidavit, in which he swore under oath that he operates Aquatic Solutions as a sole proprietorship and that Aquatic Solutions is not a separate legal entity. Lefler identified a Nebraska sales tax permit number and a federal "EIN." Lefler asserted that he and Aquatic Solutions are the same party. He also attached a copy of a dealer finance application which identified Aquatic Solutions as a sole proprietorship.

[10] Black's Law Dictionary defines "sole proprietorship" as "[a] business in which one person owns all the assets, owes

- 948 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
SCHMUNK v. AQUATIC SOLUTIONS
Cite as 29 Neb. App. 940

all the liabilities, and operates in his or her personal capacity." Black's Law Dictionary 1607 (10th ed. 2014). "A sole proprietorship has no separate legal existence or identity apart from the sole proprietor." 18 C.J.S. *Corporations* § 4 at 353 (2018). While we have found no Nebraska cases specifically defining "sole proprietorship," both the Nebraska Supreme Court and this court have previously recognized that doing business under another name or several names does not create an entity separate and distinct from the person operating the business. *Hall v. Auto-Owners Ins. Co.*, 265 Neb. 716, 658 N.W.2d 711 (2003); *Toulousaine de Distrib. v. Tri-State Seed & Grain*, 2 Neb. App. 937, 520 N.W.2d 210 (1994). See, also, *Duval v. Midwest Auto City, Inc.*, 425 F. Supp. 1381 (D. Neb. 1977) (individual who does business as sole proprietor under one or several names remains one person, personally liable for all his or her obligations). Other courts have held that sole proprietorships may litigate pro se under the reasoning that a sole proprietorship has no legal existence separate from its owner. See, e.g., *U.S. v. Hagerman*, 545 F.3d 579 (7th Cir. 2008); *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350 (4th Cir. 2007); *Lattanzio v. COMTA*, 481 F.3d 137 (2d Cir. 2007); *National Ind. Theatre v. Buena Vista Distribution*, 748 F.2d 602 (11th Cir. 1984); *Dutch Village Mall v. Pelletti*, 162 Wash. App. 531, 256 P.3d 1251 (2011); *Lowery v. Hoffman*, 188 F.R.D. 651 (M.D. Ala. 1999).

[11] We find the foregoing authority persuasive. Because doing business under another name does not create an entity separate and distinct from the person operating the business, we conclude that the prohibition on representation by a layperson does not apply to a sole proprietorship where the owner of that entity is representing his or her own interests. We agree with the district court's conclusions in this case that the only judgment in this case was entered against Aquatic Solutions and that Aquatic Solutions had the right to pursue the appeal of the judgment entered against it. The court read the complaint in this case as identifying two defendants, both "Aquatic Solutions" and "Drew Lefler." A better

- 949 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
SCHMUNK v. AQUATIC SOLUTIONS
Cite as 29 Neb. App. 940

interpretation, when the record (including the filings on appeal to this court) is examined as a whole, might be to identify a single defendant, "Drew Lefler, doing business as Aquatic Solutions." Regardless, it is clear that service was asked for and accomplished as to a single defendant, "Aquatic Solutions % Drew Le[f]ler," and judgment was entered against a single defendant, "Aquatic Solutions."

We have determined that the owner of a sole proprietorship may represent his or her interests pro se. If Aquatic Solutions is operated by Lefler as a sole proprietorship, the district court erred in dismissing the appeal from the small claims court as a nullity. While we have assumed that Aquatic Solutions was a sole proprietorship for purposes of the above analysis, based on Lefler's affidavit filed in this court, the district court has not addressed that question. We reverse the district court's dismissal of Lefler's appeal and remand the cause for consideration of the question of whether Aquatic Solutions is operated by Lefler as a sole proprietorship. In addressing that question, the court may receive evidence limited to that issue. In the event that the evidence considered by the court shows that Aquatic Solutions is operated by Lefler as a sole proprietorship, the court is directed to consider the merits of Lefler's appeal based on the record made in the small claims court.

## CONCLUSION

We conclude that the district court erred in dismissing Lefler's appeal from the small claims court judgment without considering Aquatic Solution's form of business entity. Accordingly, we reverse the district court's order and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded for
further proceedings.