PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

RZS Holdings AVV,
            *Plaintiff-Appellant,*

v.

PDVSA Petroleo S.A.; Ali
Rodriguez Araque; Rodolfo Porro;
Jose Rojas; Ivan Hernandez; Felix
Rodriguez; Nelson Martinez;
Dester Rodriguez; Luis Vierma;
Rafael Rosales; Nelson Nunez;
Victor Alvarez,
            *Defendants-Appellees.*

No. 06-1680

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(1:04-cv-00784-GBL)

Argued: September 26, 2007

Decided: November 1, 2007

Before MOTZ and KING, Circuit Judges, and
Robert J. CONRAD, Jr., Chief United States District Judge
for the Western District of North Carolina, sitting by designation.

Vacated and remanded by published opinion. Judge King wrote the
opinion, in which Judge Motz and Judge Conrad joined.

## COUNSEL

**ARGUED:** Henry St. John FitzGerald, Arlington, Virginia, for
Appellant. Christopher O. Davis, BAKER, DONELSON, BEAR-

MAN, CALDWELL & BERKOWITZ, P.C., New Orleans, Louisiana, for Appellees. **ON BRIEF:** Joseph F. Giordano, SEMMES, BOWEN & SEMMES, Vienna, Virginia, for Appellees.

## OPINION

KING, Circuit Judge:

RZS Holdings AVV ("RZS") seeks appellate relief from a judgment entered against it in the Eastern District of Virginia, confirming an arbitration award in favor of the appellees, PDVSA Petroleo S.A. and several of its officers (collectively, "PDVSA"). The district court's Order of May 10, 2006, from which this appeal flows, followed its oral ruling on PDVSA's motion to confirm the arbitration award, announced at a hearing conducted on April 28, 2006. During that hearing, the court permitted RZS's counsel to withdraw, denied RZS's owner permission to proceed pro se, and struck RZS's pro se pleadings. Although RZS had also sought a continuance to obtain replacement counsel, the court proceeded instead to address and rule in favor of PDVSA on its motion to confirm the arbitration award — effectively denying RZS's continuance request and conducting an ex parte proceeding in which it ruled on the merits of the controversy. As explained below, we are obliged to vacate and remand.

### I.

### A.

PDVSA, a Venezuelan corporation, is the state owned and operated oil company of Venezuela. RZS is involved in the international petroleum market, with its principal place of business in Oakton, Virginia, and with mailing offices in London and Venezuela. RZS is owned, at least in part, by an individual named Shukri Gabriel Deeb.

The underlying dispute arose from a February 19, 1993 agreement, by which RZS agreed to sell, and PDVSA agreed to buy, 50,000 metric tons of unleaded gasoline. Although the basis for termination of the gasoline contract is disputed, the parties agree that it was termi-

nated by PDVSA on approximately April 1, 2003. As a result, RZS filed breach of contract claims against PDVSA in a state court in Fairfax County, Virginia, and in the Eastern District of Virginia.

In November 2003, RZS and PDVSA entered into settlement discussions and, according to RZS, agreed to settle RZS's claims against PDVSA. Pursuant to the settlement agreement, RZS filed motions to dismiss its pending lawsuits against PDVSA in the state and federal courts. These motions were granted and, after the dismissals, RZS claimed that PDVSA had improperly repudiated the settlement and refused to pay RZS the agreed settlement funds. On June 16, 2004, RZS again filed suit against PDVSA in Fairfax County, asserting violations of the gasoline contract and the settlement agreement, as well as various other claims. On July 8, 2004, PDVSA removed this civil action to the Eastern District of Virginia. Shortly thereafter, PDVSA sought a stay of the litigation pending arbitration proceedings provided for in the gasoline contract. On August 6, 2004, the district court granted PDVSA's motion and stayed the litigation pending arbitration.

The arbitration proceedings began in the fall of 2004 and continued until February 9, 2006. At the conclusion thereof, the arbitration court ruled substantially in favor of PDVSA, concluding that (1) a contract for 50,000 metric tons of gasoline had been entered into by RZS and PDVSA; (2) RZS's breach of contract claim nevertheless failed, and PDVSA owed no damages to RZS; (3) the arbitration court lacked jurisdiction to arbitrate the other claims; and (4) no binding settlement agreement had been entered into because the settlement had not been appropriately agreed to by PDVSA. *See* RZS Holdings AVV v. PDVSA Petroleo, S.A. (U.S. v. Venez.), Int'l Comm. Arb., Case. No. 12 723/JNK/EBS (Feb. 9, 2006).[1]

## B.

Near the conclusion of the arbitration proceedings, a fee dispute developed between RZS and its attorney, George Doumar. On

---

[1]The arbitration award directed RZS to pay the fees and expenses of the arbitral tribunal in the sum of $480,000. The award also ordered RZS to pay PDVSA $250,000 in legal fees and other costs.

December 7, 2005, Doumar wrote to the arbitration court, indicating that he and his firm were withdrawing as counsel for RZS. By this correspondence, Doumar alleged that RZS owed his firm over $70,000 in fees and expenses, and that, pursuant to Virginia Rule of Professional Conduct 1.16(b)(4) and (5),[2] he was entitled to withdraw because to continue the representation would constitute a financial hardship on his firm. On March 31, 2006, Doumar also filed a motion to withdraw from the representation of RZS in the district court proceedings underlying this appeal. In the supporting memorandum that accompanied the motion to withdraw, Doumar contended that it was a financial burden to continue to represent RZS and that he had advised RZS to consult with and retain another attorney. Doumar thus requested that the court grant him and his firm permission to withdraw, and that the court grant RZS a thirty-day continuance to retain replacement counsel, if it so desired.

Anticipating the withdrawal of Doumar from the representation of RZS in the district court proceedings, Deeb began filing pro se pleadings on behalf of RZS. For example, on March 13, 2006, before Doumar filed his motion to withdraw, Deeb filed a pro se motion seeking to lift the stay, to vacate the arbitration award, and to award RZS damages. PDVSA responded on March 27, 2006, seeking to strike the pro se pleadings Deeb had filed on behalf of RZS. In an accompanying memorandum, PDVSA contended that the pro se pleadings were deficient and should be stricken because they violated the principle

---

[2]Virginia Rule of Professional Conduct 1.16(b) provides as follows:

[A] lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:

* * *

(4)   the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; [or]

(5)   the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client[.]

that business entities are entitled to appear in federal court only through licensed attorneys.[3]

On April 3, 2006, Deeb filed a pro se response in the district court opposing PDVSA's motion to strike RZS's pro se pleadings. In that submission, Deeb claimed that it was appropriate for him to represent RZS pro se, in that RZS was a sole proprietorship rather than a partnership. In support of this proposition, Deeb relied on a certificate he had filed with the Clerk of the Circuit Court of Fairfax County on September 23, 2003, registering RZS as a sole proprietorship and himself as its sole owner.[4] Deeb requested, in the alternative, that if the court ruled that RZS had to be represented by an attorney, it be given a reasonable time to secure replacement counsel if Doumar and his firm were allowed to withdraw.

---

[3]In support of its position that RZS could not proceed pro se, PDVSA relied on an unpublished Fourth Circuit opinion that adopted the Supreme Court's reasoning in *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194 (1993). *See Allied Colloids, Inc. v. Jaddair, Inc.*, No. 96-2078, 1998 WL 112719, at *1 (4th Cir. Mar. 16, 1998). The Supreme Court in *Rowland* recognized that

> [i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.

506 U.S. at 201-02 (internal citations omitted).

[4]The business form of RZS has been disputed in both the district court and on appeal. Although RZS now claims that it is a sole proprietorship owned by Deeb, it has not consistently represented itself as a sole proprietorship. In certain prior proceedings, RZS has claimed to be a sole proprietorship, while at other times it has claimed to be a partnership. Notably, it has been recognized that a sole proprietorship has no legal existence apart from its owner, and that an individual owner may represent his sole proprietorship in a pro se capacity. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007). If there is a material dispute concerning this issue on remand, we leave it to the district court.

On April 11, 2006, PDVSA filed a motion in the district court seeking to lift the stay of the litigation and to confirm the arbitration award in its favor. On April 13, 2006, Deeb filed a pro se motion requesting that Doumar compensate RZS for certain of its costs, asserting that Doumar and his firm had breached their representation agreement with RZS. Deeb filed another pro se pleading on April 18, 2006, requesting that the court deny PDVSA's motion to confirm the arbitration award and seeking an award of damages for RZS.

On April 25, 2006, Doumar submitted a motion on behalf of RZS seeking to file, out of time, RZS's opposition papers to confirmation of the arbitration award, as well as a memorandum opposing confirmation of the award. Thus, two pleadings opposing confirmation of the arbitration award were submitted to the district court: one by Deeb appearing pro se for RZS, and the separate motion and memorandum by Doumar as counsel for RZS.

The critical motions hearing in this case, which had been noticed by both PDVSA, on its motion to confirm the arbitration award (served on Doumar), and by Doumar, in connection with his motion to withdraw (served on counsel for PDVSA), was conducted in the district court on April 28, 2006. At the outset of the hearing, the court, without any argument or discussion, orally granted Doumar's motion to withdraw. After his withdrawal motion had been granted, Doumar requested that the court nevertheless allow him to argue the substantive motions on behalf of RZS, in that RZS had not had an opportunity to secure replacement counsel. In response, the court advised Doumar "[i]t's you're in or you're out. Which do you wish to be?" J.A. 193.[5] When Doumar answered that he was "out," the court simply responded "goodbye." *Id.* Having permitted Doumar to withdraw, the court then refused to consider the pleadings previously filed by him on RZS's behalf, including the April 25, 2006 memorandum opposing confirmation of the arbitration award and the accompanying motion to file it out of time.[6]

---

[5]Citations to "J.A. ___" refer to the Joint Appendix filed by the parties in this appeal.

[6]On the day of the hearing, the court formally rejected Doumar's motion to file opposition papers on behalf of RZS out of time, declining

The court then turned its consideration to the disposition of the other pending motions. It orally ruled, again without hearing from the parties, that "Mr. Deeb does not have the right to file any motions in this court. He's not a member of the bar of the court. All of his pleadings will have to be stricken." J.A. 194. The court also informed Deeb and those present that it was prepared to confirm the arbitration award. Directing its remarks to Deeb, it explained that

> [a]s a business person who owns a business, you cannot appear in federal court. You have to appear by an attorney. You do not have an attorney, so all the things that you filed are invalid and will not be considered by the court. I'm prepared now to enter the arbitration award to confirm it.

J.A. 195. When the court asked Deeb if he had anything to say before the arbitration award was confirmed, Deeb responded "[n]o, your honor." *Id.* at 196. The court then briefly addressed why it had granted Doumar's motion to withdraw, explaining that, based on the statements made in Doumar's and Deeb's motions, an actual conflict of interest existed between Doumar and RZS. As a result, the court deemed it inappropriate for Doumar to file anything on RZS's behalf. No mention was made of Doumar's request on behalf of RZS that it be accorded a thirty-day continuance to secure replacement counsel, nor of Deeb's similar pro se request for a reasonable time to do so. According to the transcript, the proceedings of April 28 — commencing at 10:05 a.m. and ending at 10:12 a.m. — consumed a total of seven minutes.

Judgment was entered in favor of PDVSA on May 10, 2006, and RZS filed a timely notice of appeal on June 8, 2006. We possess jurisdiction pursuant to 28 U.S.C. § 1291.

---

to accept the submission by writing on Doumar's proposed order that there was "no good cause shown" and that "counsel has an actual conflict of interest." J.A. 166. Although it is unnecessary for us to pass on the district court's rejection of Doumar's opposition papers, we observe that, until Doumar was granted permission to withdraw, he remained RZS's counsel and was obliged to zealously represent it. *See* Virginia Rule of Professional Conduct 1.3 cmt. 2 ("A lawyer shall act with commitment and dedication to the interests of the client and with zeal in advocacy upon the client's behalf.").

C.

On appeal, RZS raises multiple contentions of error. First, it contends that the district court erred in determining that RZS was an artificial entity that could not represent itself in court. Second, RZS maintains that the court erred in declining to accept and consider the April 25, 2006 pleadings submitted by Doumar, on behalf of RZS and those filed by Deeb pro se. Third, RZS asserts that the court erred, after striking RZS's pleadings, in granting an involuntary dismissal of its claims. Finally, RZS contends that the court should "either have denied the motion of [Doumar] for leave to withdraw or allowed [it] some reasonable time . . . within which to obtain new counsel. [The court] should not have allowed the withdrawal of counsel and immediately thereafter dismissed all of [RZS's] claims because [it] had no counsel." Br. of Appellant 17-25.

As explained below, after granting Doumar's request to withdraw from his representation of RZS and ruling that Deeb could not proceed pro se, RZS was unrepresented in the litigation and did not further participate in the motions hearing of April 28, 2006. As a result, the district court conducted an ex parte proceeding, without any notice thereof to RZS, where it impliedly denied RZS any opportunity to secure replacement counsel and granted judgment in favor of PDVSA.

II.

We review a district court's denial of a continuance to secure replacement counsel for abuse of discretion. *See United States v. Baucom*, 486 F.3d 822, 827 (4th Cir. 2007). We also review a district court's decision to conduct an ex parte proceeding for abuse of discretion, bearing in mind that such proceedings are generally disfavored. *See United States v. Napue*, 834 F.2d 1311, 1318 (7th Cir. 1987); *see also Thompson v. Greene*, 427 F.3d 263, 269 n.7 (4th Cir. 2005) (citing *Doe v. Hampton*, 566 F.2d 265, 276 (D.C. Cir. 1977)). By definition, a district court abuses its discretion when it makes an error of law. *See United States v. Ebersole*, 411 F.3d 517, 526 (4th Cir. 2005).

III.

The motions hearing underlying this appeal, which was conducted in the district court on April 28, 2006, consisted of two distinct parts.

The first part was properly noticed and of an adversarial nature (the "Adversarial Part"), consisting of the period from the beginning of the hearing until the court ruled that Deeb could not appear pro se for RZS. During the Adversarial Part of the hearing, the court ruled that Deeb's pro se pleadings should be stricken, because he could not appear pro se on behalf of RZS. During the second part of the hearing (the "Nonadversarial Part") — consisting of the period from the court's ruling that Deeb could not represent RZS pro se until the hearing adjourned — the court explained why it had allowed Doumar to withdraw, ruled against RZS on the merits of the case, and confirmed the arbitration award. The court then entered judgment in favor of PDVSA, failing to address and effectively denying RZS's requests for a continuance to secure replacement counsel.

On this record, the Nonadversarial Part of the motions hearing was conducted on an ex parte basis. Neither Doumar nor Deeb was permitted to speak on behalf of RZS concerning the merits of the motion to confirm the arbitration award, leaving RZS with no representation during the Nonadversarial Part of the hearing and thus no presence there. As a result, the only party present and participating in the Nonadversarial Part of the hearing was PDVSA.

It is settled beyond peradventure that, in our system of justice, ex parte judicial proceedings, such as that which occurred in the Nonadversarial Part of the April 28, 2006 hearing, are greatly disfavored. The conduct of such proceedings present substantial due process concerns, and our courts are necessarily and properly reluctant to participate in them. Indeed, under the Code of Judicial Conduct for United States Judges, Canon 3(A)(4), a judge "should . . . neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding." And, as our Court has aptly recognized, "'as a general rule, ex parte communications by an adversary party to a decision-maker in an adjudicatory proceeding are prohibited as fundamentally at variance with our conceptions of due process.'" *Thompson v. Greene*, 427 F.3d 263, 269 n.7 (4th Cir. 2005) (quoting *Doe v. Hampton*, 566 F.2d 265, 276 (D.C. Cir. 1977)). Research confirms that our sister circuits concur in this view of such proceedings, and several of the courts of appeal have elaborated on this bedrock principle. *See United States v. Napue*, 834 F.2d 1311, 1318 (7th Cir. 1987) (concluding that ex parte communications "should be avoided when-

ever possible"); *United States v. Thompson*, 827 F.2d 1254, 1258-59 (9th Cir. 1987) (concluding that departures from general rule disfavoring ex parte communications must have compelling justification such as need to act quickly or keep sensitive information from opposing party); *In re Paradyne Corp.*, 803 F.2d 604, 612 (11th Cir. 1986) (explaining that ex parte hearings are disfavored because they conflict with fundamental precept of our system of justice — that fair hearing requires "reasonable opportunity to know the claims of the opposing party and to meet them"), *cited with approval in United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995).

The Seventh Circuit's discussion in *Simer v. Rios*, 661 F.2d 655 (7th Cir. 1981), is informative. In analyzing an ex parte communication issue, the court recognized that "[t]he essence of procedural due process is notice and an opportunity to be heard." 661 F.2d at 679 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313-14 (1950) (observing that right to be heard "has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest")); *see also United States v. Minor*, 228 F.3d 352, 356 (4th Cir. 2000) (recognizing adequacy of notice as "a matter of obvious constitutional magnitude"); *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 920-21 (4th Cir. 1996) (explaining that parties must be given constitutionally adequate notice). Under *Simer*, our analysis should focus, first, on the parties' opportunity to participate in the court's decision and, second, on whether the ex parte proceedings were unfairly prejudicial. *See* 661 F.2d at 679. In *Simer*, even though there had been an ex parte communication, the excluded party was accorded an opportunity to respond by way of oral argument and legal memoranda. *Id.* The Seventh Circuit thus found no prejudice from the ex parte communications, in that the potentially affected party had been accorded a full opportunity to participate before the trial court issued its ruling. *Id.* at 679-80.

In this matter, the Nonadversarial Part of the hearing of April 28, 2006, was not, on this record, justified by the circumstances. This litigation had been ongoing for three years, and there was no notice that the merits of the case would be heard and considered ex parte. Even if the district court had not contemplated conducting an ex parte proceeding on that occasion, it nevertheless did so, after ruling that Dou-

mar could withdraw and that Deeb could not proceed pro se. Upon striking the pleadings Deeb had filed, and after declining to accept Doumar's submission for RZS in opposition to confirmation of the arbitration award, PDVSA's motion to confirm the award was unopposed. And with no opposition papers in the record, and RZS not present, the arbitration award was confirmed by the court.

In these circumstances, RZS was denied its due process right to meet and oppose the claims of PDVSA, and to otherwise participate in the resolution of the merits of this case. If RZS had been present during the Nonadversarial Part of the hearing, or if the court had accorded RZS some reasonable opportunity to seek replacement counsel, RZS is likely to have exercised its right to oppose confirmation of the arbitration award. It was unable to do so, however, and the Nonadversarial Part of the hearing resulted in a final judgment against RZS. In such circumstances, the district court committed prejudicial error, abusing its discretion in failing to grant RZS a reasonable continuance to secure replacement counsel and in conducting an ex parte proceeding on the merits of the case.[7]

## IV.

Pursuant to the foregoing, we vacate the district court's judgment in favor of PDVSA and remand for such other and further proceedings as may be appropriate.

*VACATED AND REMANDED*

---

[7]Because we vacate and remand on the basis of the ex parte proceedings, we need not reach or assess the other contentions presented by RZS. If any of those issues are relevant on remand, we are content to leave them to the district court.