**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1171**

RZS HOLDINGS AVV,

            Plaintiff - Appellant,

      v.

PDVSA PETROLEO S.A.; ALI RODRIGUEZ ARAQUE; RODOLFO PORRO;
JOSE ROJAS; IVAN HERNANDEZ; FELIX RODRIGUEZ; NELSON
MARTINEZ; DESTER RODRIGUEZ; LUIS VIERMA; RAFAEL ROSALES;
NELSON NUNEZ; VICTOR ALVAREZ,

            Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (1:04-cv-00784-GBL-TRJ)

Argued:  May 12, 2010            Decided:  June 16, 2010

Before TRAXLER, Chief Judge, MOTZ, Circuit Judge, and Arthur L.
ALARCÓN, Senior Circuit Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Henry St. John FitzGerald, Arlington, Virginia, for
Appellant.  Christopher O. Davis, BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC, New Orleans, Louisiana, for Appellees.
**ON BRIEF:** Matthew A. Woolf, BAKER, DONELSON, BEARMAN, CALDWELL &
BERKOWITZ, PC, New Orleans, Louisiana; Joseph F. Giordano,
SEMMES, BOWEN & SEMMES, Vienna, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

RZS Holdings AVV ("RZS") appeals the order of the district court granting the motion of PDVSA Petroleo S.A. ("PDVSA") to confirm the arbitral award rendered in favor of PDVSA by the ICC International Court of Arbitration ("ICC"). We affirm.

I.

RZS and PDVSA entered into a contract for RZS to deliver petroleum to PDVSA in Venezuela. PDVSA ultimately did not take delivery of the petroleum. After negotiations broke down, RZS sued PDVSA in Virginia state court, alleging a breach of contract. PDVSA removed the case to federal court, and then submitted it to arbitration as provided by the terms of the contract. A three-member panel of the ICC found that PDVSA had breached the contract, but awarded RZS no damages for that breach. PDVSA then moved the district court to confirm the award, and thus make it a binding judgment in United States courts.

During the hearing on that motion, RZS's attorney withdrew from representation. The district court then confirmed the award without allowing RZS a continuance to find replacement counsel. RZS appealed, and we reversed and remanded, holding that the district court had denied RZS due process. See RZS

3

Holdings AVV v. PDVSA Petroleo S.A., 506 F.3d 350 (4th Cir. 2007).

## II.

On remand, now with new counsel, RZS again challenged confirmation of the arbitration award, alleging that the arbitration tribunal had exhibited bias in favor of PDVSA, that the tribunal had failed to consider the evidence in an evenhanded manner, and that the arbitral proceedings were defective because PDVSA had paid the tribunal's entire fee when RZS was incapable of paying its share. The district court granted RZS limited discovery, and RZS deposed the arbitrators and attempted to gather evidence to support its allegations. When this discovery produced no evidence to corroborate RZS's claims, RZS requested additional discovery and a hearing, which the district court denied.

After considering the evidence, the district court again granted PDVSA's motion to confirm the award. The district court initially held that the Inter-American Convention on International Commercial Arbitration ("Inter-American Convention") governed and supplied the exclusive grounds for refusing to enforce the arbitral award, and that RZS's arguments did not address criteria specified by the Inter-American Convention. Alternatively, the district court assumed that, as

4

RZS had argued, the Federal Arbitration Act ("FAA") governed RZS's claims, and held that RZS had failed to establish that the tribunal had done anything improper that would justify a refusal to confirm the award under the FAA.

RZS noted this appeal.


III.

We have carefully considered the record, the briefs, and the oral arguments, and we affirm on the basis of the district court's well-reasoned opinion. See RZS Holdings AVV v. PDVSA Petoleos S.A., 598 F. Supp. 2d 762 (E.D. Va. 2009). Given that opinion, we need only briefly address RZS's contentions on appeal.

RZS primarily argues that the district court erred in holding that the Inter-American Convention, and not the FAA, governs review of the award in this case. RZS argues further that the court should refuse to confirm the award under § 10(a)(2)-(3) of the FAA, which states that a court may vacate an arbitral award:

> (2) where there was evident partiality or corruption in the arbitrators, or either of them; [or]
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced . . . .

5

9 U.S.C. § 10 (2006).  All of RZS's allegations of partiality, corruption, and misconduct are baseless.  Thus, even assuming that the FAA applies, we hold that RZS has failed to demonstrate that the district court should have refused to confirm the ICC's award.

RZS next contends that to enforce the award would violate its due process rights.  This claim is merely an amalgamation of RZS's other allegations of impropriety -- all of which the district court properly found meritless.  The whole is no greater than the sum of its parts.  Additionally, RZS has presented literally no authority (nor have we discovered any) in support of its argument that enforcement of the ICC's award would violate RZS's rights to due process.

Finally, RZS's argument that the district court erred by refusing to order additional discovery or an evidentiary hearing on the issue of arbitrator bias also fails.  "This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion."  Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995).  We find no such abuse here.  The district court allowed RZS to depose the arbitrators on the subject of bias, and these

6

depositions revealed only that RZS's allegations lacked factual basis.

## IV.

The judgment of the district court is

AFFIRMED.