**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2078**

SAINT ANNES DEVELOPMENT COMPANY, INCORPORATED; AARON YOUNG,

Plaintiffs - Appellees,

v.

NEAL TRABICH; TERRY TRABICH,

Defendants – Appellants,

and

RONALD CORUZZI; IRENE CORUZZI,

Defendants,

v.

ADELBERG, RUDOW, DORF & HENDLER, LLC,

Respondent,

v.

ANDREW RADDING,

Movant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.  (1:07-cv-01056-WDQ)

Submitted:  June 14, 2011          Decided:  August 17, 2011

Before TRAXLER, Chief Judge, and WILKINSON and DAVIS, Circuit
Judges.

———————————

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

———————————

David W. Lease, SMITH, LEASE AND GOLDSTEIN, LLC, Rockville,
Maryland, for Appellants.  Steven B. Gould, BROWN & GOULD, LLP,
Bethesda, Maryland, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Saint Annes Development Company, LLC ("SADC") and Aaron Young, one of SADC's members (together, the "Plaintiffs"), brought this action against Neal and Terry Trabich and Ronald and Irene Coruzzi, asserting claims of fraud and breach of contract. The district court granted summary judgment in favor of SADC and Young on the breach of contract claim and later, after a bench trial, entered judgment in favor of SADC and Young on the fraud claim. The Trabiches appeal. We affirm in part, vacate in part, and remand.

I.

The claims at issue in this case spring from a financing agreement (the "Facility Agreement") to provide funding for the Trabiches and the Coruzzis to develop and build the "Saint Annes Project," a golf and residential community in Middletown, Delaware. Under the Facility Agreement, SADC agreed to arrange through a third-party lender a credit facility that would permit the Trabiches and the Coruzzis to borrow up to one million dollars under a revolving line of credit. The Facility Agreement, which was executed on May 2, 2006, required repayment of the line of credit, plus all fees imposed by the third-party lender, by December 31, 2009. Under the Facility Agreement, the Trabiches and the Coruzzis were obligated to pay SADC annual

3

fees in the amount 10% of the principal balance borrowed under the credit facility. The Facility Agreement also required the Trabiches to pay SADC fees for consulting services to be provided over a 20-year period after the termination of the underlying credit facility -- $100,000 per year for the first ten years, and $75,000 per year for the next ten years. The Facility Agreement did not specify the nature of the consulting services that SADC would provide.

Young sought the assistance of a colleague, and the colleague was able to obtain a $1,000,000 line of credit through Wachovia Bank. The Trabiches executed a promissory note in favor of Wachovia and immediately withdrew the full amount available under the line of credit.

In November 2006, approximately six months after the Wachovia line of credit was established, the Trabiches sued Wachovia, SADC, and SADC's members in state court in New York. The Trabiches alleged, inter alia, that the Facility Agreement was usurious and thus void and unenforceable under New York law. The verified complaint filed in that action was signed, under oath, by Trabich, and it included various factual allegations that were inconsistent with the terms of the Facility Agreement. For example, the Facility Agreement stated that the credit facility was for commercial purposes and that the funds would be used exclusively for the Saint Annes Project. In the verified

4

complaint, however, Trabich asserted that, as to the Trabiches, the Facility Agreement had no commercial purpose. Trabich also alleged that the consulting-services provision in the Facility Agreement was a sham because there was no expectation by any party that any consulting services would ever be provided by SADC. See J.A. 89-90, 694, 697.

After filing the New York action, the Trabiches continued to perform their obligations under the Facility Agreement for some period of time, making interest payments to Wachovia through October 19, 2007. In November 2007, the Trabiches' New York attorney informed SADC that no further interest payments would be made and that all matters would be resolved at trial.

SADC thereafter issued a notice of default and demanded that the Trabiches and Coruzzis make the required payments to cure the default. Neither the Trabiches nor the Coruzzis cured the defaults, and SADC notified them of its election to accelerate all payments due under the Facility Agreement and the promissory note. SADC paid the principal and interest owed to Wachovia under the line of credit, and the Plaintiffs then brought this action asserting fraud and breach of contract claims against the Trabiches and the Coruzzis.

The district court granted summary judgment in favor of SADC on the breach of contract claims, and the case proceeded to trial on the remaining fraud claims. After a bench trial, the

5

district court rejected two of the fraud claims asserted by the Plaintiffs, but the court found in favor of SADC on Count IV and found in favor of Young on Count V. The court thereafter entered final judgment, and this appeal by the Trabiches followed.

## II.

We turn first to the Trabiches' challenge to the grant of summary judgment on the Plaintiffs' breach of contract claims. In these claims, SADC sought from the Trabiches and the Coruzzis recovery of the principal and interest SADC paid to Wachovia, along with certain other payments and fees that were due under the Facility Agreement. SADC also sought only from the Trabiches an award of $1,750,000 (plus post-judgment interest), the accelerated total of the 20 years of consulting fees the Trabiches were obligated to pay under the Facility Agreement. The district court granted summary judgment in favor of SADC on these claims, finding the Trabiches and the Coruzzis jointly and severally liable for approximately $1,250,000, plus post-judgment interest, on the Wachovia claim, and finding the Trabiches liable for $1,750,000, plus post-judgment interest, on the consulting-fees claim.

The Trabiches filed a motion for reconsideration. As to the Wachovia claim, the Trabiches argued that there were

6

material issues of fact in dispute that precluded the grant of summary judgment. As to the consulting-fees claim, the Trabiches argued, inter alia, that the acceleration of the consulting fees due under the Facility Agreement amounted to an unenforceable penalty and that, in any event, any award representing future consulting fees should have been reduced to present value. The district court denied the motion, concluding that the Trabiches failed to satisfy the requirements for amending a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. See J.A. 68-69.

On appeal, the Trabiches do not challenge the district court's disposition of the Wachovia claim, but instead focus only on the grant of summary judgment in favor of SADC on the consulting-fees claim. They argue that the summary judgment order was an interlocutory order subject to revision at any time, and that the district court erred by considering their motion for reconsideration under the standard governing motions filed under Rule 59(e) of the Federal Rules of Civil Procedure. We agree.

Motions to alter or amend under Rule 59(e) may be granted if necessary "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. Am. Nat'l Fire Ins.

Co., 148 F.3d 396, 403 (4th Cir. 1998). Rule 59(e), however, applies only to final judgments. See Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991). As the Trabiches contend, the district court's summary judgment order, which did not resolve all claims against all parties, was interlocutory and thus subject to revision at any time. See Fed. R. Civ. P. 54(b) (Unless certified as final, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); American Canoe Assoc. v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003) ("[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted.").

The power to reconsider or modify interlocutory rulings "is committed to the discretion of the district court," and that discretion is not cabined by the "heightened standards for reconsideration" governing final orders. American Canoe, 326 F.3d at 514-15; see also Fayetteville Investors, 936 F.2d at 1473 (interlocutory orders "are left within the plenary power of the Court that rendered them to afford such relief from them as

8

justice requires" (quoting 7 <u>Moore's Federal Practice</u> ¶ 60.20)).

Because the district court applied the wrong legal standard to the Trabiches' motion for reconsideration, we vacate that portion of the partial summary judgment order finding the Trabiches liable on the consulting-fees claims, and we remand for reconsideration of the motion under the proper legal standard. See <u>RZS Holdings AVV v. PDVSA Petroleo S.A.</u>, 506 F.3d 350, 356 (4th Cir. 2007) ("By definition, a district court abuses its discretion when it makes an error of law."); <u>Fayetteville Investors</u>, 936 F.2d at 1473-74 (reversing and remanding because district court applied wrong legal standard to motion seeking reconsideration of interlocutory order).[*] Nothing

_____

[*] We reject SADC's contention that the Trabiches invited the district court's error by including a citation to Rule 59 in the "Memorandum and Points of Authority" filed along with its motion for reconsideration. See <u>United States v. Jackson</u>, 124 F.3d 607, 617 (4th Cir. 1997) ("The invited error doctrine recognizes that a court cannot be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request." (internal quotation marks omitted)). Apart from the caption and signature block, the Memorandum contained only a numbered list of four procedural rules (Rules 56, 58, 59, and 60 of the Federal Rules of Civil Procedure), with no elaboration, explanation, or discussion, <u>see</u> Supp. J.A. 49; all substantive discussion and argument was contained in the motion itself. The Trabiches did not cite Rule 59 in the motion or otherwise suggest that the motion was filed under Rule 59, and the motion explicitly described the court's order as interlocutory. Under these circumstances, we do not believe that the single, unexplained citation to Rule 59 can be viewed as inviting the court to apply Rule 59 to the interlocutory summary judgment order.

in this opinion, however, should be understood as expressing a view as to whether, upon application of the correct standard, the Trabiches' motion to reconsider should be granted.

### III.

### A.

In the bench trial that followed after the partial grant of summary judgment, the district court concluded that the Trabiches committed fraud by falsely representing (in the Facility Agreement) that the credit facility was sought for business or commercial purposes and that the funds obtained through the Facility Agreement would be used exclusively for the Saint Annes Project. The court therefore granted judgment in favor of SADC on the fraud claim alleged in Count IV and in favor of Young on the fraud claim alleged in Count V. After reviewing the record and considering the arguments of the parties, we find no error in the court's legal analysis, nor clear error in the court's factual findings. See Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc., 618 F.3d 417, 427 (4th Cir. 2010) (per curiam) ("We review a judgment resulting from a bench trial under a mixed standard of review -- factual findings may be reversed only if clearly erroneous, while conclusions of law are examined de novo." (alteration and internal quotation marks omitted)); TFWS, Inc. v. Franchot, 572

10

F.3d 186, 196 (4th Cir. 2009) ("[I]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, we will not reverse the district court's finding simply because we have become convinced that we would have decided the question of fact differently." (internal quotation marks omitted)). Accordingly, we reject the Trabiches' challenge to the district court's conclusion that they committed fraud.

B.

The fraud claim alleged in Count V was asserted by Young individually against Neal Trabich only, and Count V was the only claim on which Young (individually) prevailed. The formal order of judgment directed that judgment be entered against Neal Trabich in favor of Young on Count V, but the order also stated that the Trabiches (that is, Neal _and_ Terry Trabich) were jointly and severally liable to Young for damages of more than $66,000. See J.A. 110. On appeal, the Trabiches contend that the district court erred by entering judgment on Count V against Terry Trabich, given that Young did not assert his fraud claim against her.

The Plaintiffs concede that the judgment did not track the counts asserted in the complaint, but they argue that the court structured the judgment as it did in order to avoid double recovery through the damages awarded on the various claims on

which Plaintiffs prevailed. While it is possible that the Plaintiffs' explanation of the judgment accurately reflects the district court's intention when it entered judgment, the explanation depends on an assumption that the district court intended to direct the Trabiches to pay over to Young (an SADC member) damages that had been awarded to SADC and on an assumption that such an action would have been proper. There is nothing in the district court's order that directly supports the Plaintiffs' hypothesis, however, and we are thus left with an error (the entry of judgment against Terry Trabich on a count for which she was not named as a defendant) that we cannot conclude was harmless. Accordingly, we vacate the district court's entry of judgment against Terry Trabich in favor of Young and remand for correction of the judgment. The district court on remand is free to structure the judgment as necessary to avoid double recovery, but the court should explain any such adjustments in sufficient detail to facilitate review of that judgment in the event of further appeals.

## IV.

For the foregoing reasons, we affirm in part, vacate in part, and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

12

before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED