NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2014[*]
Decided September 23, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 13-3560

| | |
|---|---|
| NANCY TRUMBULL, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 1:12-cv-00321 |
| SCI ILLINOIS SERVICES, INC., d/b/a ROSEHILL CEMETERY, | Amy J. St. Eve, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

SCI Illinois Services hired Nancy Trumbull as a salesperson at Rosehill Cemetery in Chicago and eventually fired her, explaining that she had violated company policy. Trumbull then sued SCI under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. She alleged that, in fact, SCI had fired her because she is African American and female, and to retaliate for her repeated complaints about discrimination. The district

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

court granted summary judgment for SCI and then denied Trumbull's motion for reconsideration. On appeal she contests only the latter ruling. We affirm the judgment.

Trumbull was hired in September 2007 to sell funeral-related products, including interment rights and monuments. Nearly a year later, in August 2008, she executed a contract for the interment of the cremated remains of a person who had died more than three years earlier. That contract gave the decedent's family a "preneed" discount. A sale is "preneed," according to the employee handbook, if "made in advance of death" but "at-need" if "made at the time of death." SCI's director of marketing for the Chicago region and the company's human resources department learned in September 2008 that Trumbull had executed a "preneed" contract for someone who was deceased. Managers for the Chicago region began investigating that contract as well as the training Trumbull had received regarding the company's "preneed" policy. As part of that investigation, the marketing director tried to schedule a meeting with Trumbull in late 2008, but each time Trumbull said that she was too busy. Trumbull eventually discussed the contract with the human resources department in January 2009; she explained that the client had "demanded" a "preneed" discount and that a former supervisor had instructed her to write a "preneed" contract if a client "does not know when they're going to do it." Meanwhile, Trumbull lodged several grievances with SCI's human resources office asserting that her current supervisor and the general manager at Rosehill, as well as the marketing director for the Chicago region, were discriminating against her. In one grievance, for example, Trumbull accused the marketing director of "harassing and threatening" her after a Caucasian man hand delivered her a letter.

In February 2009, after completing its investigation, SCI fired Trumbull. The company's termination letter explains that Trumbull had violated SCI's sales policy by executing a "preneed" contract for someone who already was deceased. That letter also conveys that SCI had investigated Trumbull's allegations of harassment but found them unsubstantiated. This lawsuit followed. Trumbull alleged that she was fired because of her sex and in retaliation for complaining of discrimination. *See* 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a). When the district court recruited a lawyer to represent her, she amended her complaint to also allege race discrimination under 42 U.S.C. § 1981.

SCI moved for summary judgment. After the parties had briefed that motion, the district court's law clerk left a voicemail for SCI's counsel, requesting a complete transcript of a deposition that both SCI and Trumbull had cited in their briefs. SCI's counsel filed the transcript later that day. In ruling for the defendant, the district court concluded that Trumbull's lawyer had disregarded Local Rule 56.1 by including

argument and additional facts in her responses to SCI's statement of material facts, and by denying many of SCI's facts without citing the record. *See* N.D. ILL. CIV. L.R. 56.1(b)(3); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008) ("It is inappropriate to make legal arguments in a Rule 56.1 statement of facts."); *Cady v. Sheahan*, 467 F.3d 1057, 1060–61 (7th Cir. 2006) (explaining that party violates Local Rule 56.1 by failing to "adequately cite the record" when disputing movant's statement of material facts); *Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 808 (7th Cir. 2005) (upholding district judge's refusal to accept additional proposed facts that plaintiff had included in response opposing motion for summary judgment rather than a separate document as required under Local Rule 56.1). After disregarding facts and arguments that Trumbull had presented improperly, the court concluded that she had not offered direct or circumstantial evidence from which a jury reasonably could find that she was fired because of her race or sex or in retaliation for protected activity.

Trumbull moved to alter or amend the judgment, *see* FED. R. CIV. P. 59(e), chiefly because of the "ex parte" voicemail left for SCI's counsel. Trumbull argued that, in requesting the deposition transcript only from opposing counsel, the district court had deprived her of a "similar" opportunity to amend her opposition to SCI's motion for summary judgment. The court should "cure" this error, Trumbull asserted, by allowing her to revise her submissions. In addition, Trumbull acknowledged that the court had been authorized to enforce Local Rule 56.1 by disregarding many of her factual statements, but she asked the court to exercise its "discretion to consider less severe sanctions." She did not disagree, however, that she had failed to comply with that rule.

The district court denied the postjudgment motion. The court explained that the voicemail had concerned an administrative matter and that neither party had gained an advantage from the communication; thus, the communication was permitted under Canon 3(A)(4)(b) of the Code of Conduct for United States Judges. As for the local rule, the court continued, compliance was "expected" and Trumbull's failure to do so was not the court's error.

On appeal Trumbull continues to challenge the district court's ex parte communication and enforcement of Local Rule 56.1. But the district court did not err in denying her request for relief from judgment on those grounds. Although ex parte communications are "greatly disfavored," *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 356–57 (4th Cir. 2007); *see also United States v. Napue*, 834 F.2d 1311, 1318 (7th Cir. 1987), they are permitted "for scheduling, administrative, or emergency

purposes" as long as they do "not address substantive matters and the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result," CODE OF CONDUCT FOR U.S. JUDGES Canon 3(A)(4)(b). The law clerk's voicemail served an administrative purpose—obtaining a transcript—and did not refer to any substantive matter. Moreover, SCI did not comment on any substantive issue when it submitted the requested transcript, and Trumbull has not identified any advantage that SCI received as a result of the communication. Thus, we agree with the district court that the voicemail was not an impermissible ex parte communication. Finally, the district court was entitled to strictly enforce the local rule and disregard Trumbull's noncompliant submissions. *See Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009); *FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005).

In her reply brief, Trumbull does appear to contest the grant of summary judgment on the merits. Yet an argument mentioned for the first time in a reply brief is waived. *See Nationwide Ins. Co. v. Cent. Laborers' Pension Fund*, 704 F.3d 522, 527 (7th Cir. 2013); *Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011). Trumbull also appears to assert for the first time in her reply brief that her court-recruited counsel was ineffective; this argument also comes too late, and, in any case, a litigant does not have the right to assistance of counsel in a civil suit. *See Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001).

AFFIRMED.